# CHICAGO & ALTON RAILROAD COMPANY *v.* WAGNER.

## ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 375. Submitted November 29, 1915.—Decided December 20, 1915.

Section 5 of the Employers' Liability Act has no application to releases given to those who are not employers. *Robinson* v. *Balt. & Ohio R. R.*, 237 U. S. 84.

Where one of two carriers, joint tort feasors, is the employer and obtains from an employé who was injured in interstate commerce a release which is invalid under § 5 of the Employers' Liability Act, there is no denial of Federal right by a state court in holding that such release is also invalid as against the other joint tort feasor and does not operate to release the latter from liability beyond the right to set off the amount contributed by the employing carrier to the amount recovered by the plaintiff.

265 Illinois, 245, affirmed.

The facts, which involve the construction and application of § 5 of the Employers' Liability Act of 1908, and the validity of a judgment for damages for injuries of a railroad employé, are stated in the opinion.

*Mr. Silas H. Strawn, Mr. Edward W. Everett* and *Mr. T. Sidney Condit* for plaintiff in error:

Section 5 of the Employers' Liability Act is inapplicable in this case because plaintiff was not an employé of defendant. Nor does that section invalidate a release, resultant to a joint tort feasor from the acceptance of relief benefits under a relief contract. *Robinson* v. *Balt. & Ohio R. R.*, 237 U. S. 84; *Mo., Kan. & Tex. Ry.* v. *West*, 232 U. S. 682.

The misapplication of § 5 of the Employers' Liability Act and the denial of plaintiff's asserted construction thereof, present a Federal question giving this court juris-

diction. *Seaboard Air Line* v. *Horton*, 233 U. S. 492, 499; *St. Louis, I. M. & So. Ry.* v. *McWhirter*, 229 U. S. 265; *St. Louis & I. M. Ry.* v. *Taylor*, 210 U. S. 281, 292; *Seaboard Air Line* v. *Tilghman*, 237 U. S. 487; *Toledo, St. L. & West. R. R.* v. *Slavin*, 236 U. S. 454; *Seaboard Air Line* v. *Padgett*, 236 U. S. 668; *Southern Ry.* v. *Crockett*, 234 U. S. 725; *M., K. & T. Ry.* v. *West*, 232 U. S. 682; *Nutt* v. *Knut*, 200 U. S. 12, 19; *McCormick* v. *Market Bank*, 165 U. S. 538; *El Paso N. E. Ry.* v. *Gutierrez*, 215 U. S. 87; *Straus* v. *Am. Publishers' Assn.*, 231 U. S. 22; *Houston & Tex. Cent. R. R.* v. *Texas*, 177 U. S. 66, 77; *Buel* v. *Van Ness*, 8 Wheat. 311, 321; *Mathews* v. *Zane*, 4 Cranch, 381.

Where the highest court of the State assumes that the record sufficiently presents for its decision, a question of Federal right, this court will take jurisdiction. *Mallinckrodt Chemical Works* v. *Missouri*, 238 U. S. 41; *Chambers* v. *Balt. & Ohio R. R.*, 207 U. S. 142, 148; *San Jose Land Co.* v. *San Jose Ranch Co.*, 189 U. S. 177; *Haire* v. *Rice*, 204 U. S. 291; *Home for Incurables* v. *New York*, 187 U. S. 157; *Mo., Kan. & Tex. Ry.* v. *Elliott*, 184 U. S. 530.

*Mr. James C. McShane* for defendant in error:

The state court's holding that plaintiff's acceptance of benefits from the Burlington relief department did not operate as a release, or satisfaction, to defendant, does not present a Federal question.

The release in question was void under § 5, as between plaintiff and the C., B. & Q., and the real question is as to whether, being void as between the parties to it, it could operate as a valid release to defendant.

This is a common-law question, which depends upon the application, or non-application, of the common-law rule, that a release to one joint tort feasor operates as a release to all joint tort feasors, and hence, is not a Federal question.

Assuming, for sake of argument, that the question is a Federal question, and that it was especially set up or claimed, etc., it was not erroneously decided.

The release was void as between the parties to it, and, consequently, it could not operate as a valid release to defendant. *McMullen* v. *Hoffman*, 174 U. S. 654; 6 Ruling Case Law, § 215, p. 819.

MR. JUSTICE HUGHES delivered the opinion of the court.

Joseph M. Wagner brought this action in the Superior Court of Cook County, Illinois, against the Chicago & Alton Railroad Company to recover damages for injuries alleged to have been sustained through its negligence. At the time of the accident, he was employed by the Chicago, Burlington & Quincy Railroad Company as a conductor in charge of a switching crew and was engaged in moving cars over a track of the Chicago & Alton Railroad Company in Chicago,—the track being used by the Burlington company under an arrangement with the Alton company. He was injured by striking a semaphore post which, as he alleged, was in dangerous proximity to the track. The Burlington company was not a party to the suit. In defense, the Alton company proved that Wagner was a member of the relief department of the Burlington company, to which the employés of that company made monthly contributions, and that in his agreement with that company it was provided that his acceptance "of benefits for injury" should operate "as a release and satisfaction of all claims against said company, and all other companies associated therewith in the administration of their relief departments, for damages arising from or growing out of said injury." The Alton company was not thus associated with the Burlington company, and the release by its terms did not run to it. But it was insisted that the Burlington company was a

joint tort feasor with the Alton company and hence that release to the former would operate to discharge the latter. It was found by the state court that after the injury Wagner had accepted from the relief fund of the Burlington company the sum of $1,231 as benefits, and that there had been paid in his behalf for hospital bills, etc., $1,349.59; and it was further found that the contribution of the Burlington company did not exceed fifteen per cent. of this amount, or $387.09. In rebuttal (and over the defendant's exception) Wagner introduced evidence that at the time of the accident he was engaged as the employé of the Burlington company in interstate commerce, and he contended that the agreement for the release of that company through acceptance of benefits from the relief fund was invalid under § 5 of the Employers' Liability Act. The trial court refused to give a peremptory instruction in favor of the Alton company and also denied a request to instruct the jury, in substance, that if it found that Wagner had accepted payment from the Burlington company in satisfaction of his claim against that company arising from the injury, such acceptance would be a bar to this action against the Alton company. The court did charge that if the Alton company was found guilty, it should not be credited with any sum which the Burlington company had paid. To these rulings the Alton company excepted. A verdict was rendered against it for $15,000, and judgment was entered accordingly. The Appellate Court, First District, required a remittitur of $387.09, the amount found to have been contributed by the Burlington company to the benefits received, and affirmed the judgment for the remainder. 180 Ill. App. 196. And the judgment for the reduced amount was affirmed by the Supreme Court of the State. 265 Illinois, 245.

The jurisdiction of this court is invoked upon the ground that, in refusing to give effect to the release, the state court misconstrued § 5 of the Employers' Liability

Act.[1] *St. Louis & Iron Mountain Rwy.* v. *Taylor*, 210 U. S. 281, 293; *St. Louis & Iron Mountain Rwy.* v. *McWhirter*, 229 U. S. 265, 275.

The action was not brought under that act. There were allegations in the original declaration to the effect that Wagner at the time of the injury was engaged in interstate commerce as an employé of the Burlington company, but it seems to have been agreed upon the trial that the action was not governed by the Federal statute; and this indeed was manifest, as the Burlington company was not a party to the action and the Alton company was not the plaintiff's employer. *Robinson* v. *Balt. & Ohio R. R.*, 237 U. S. 84, 91. It was tried as a common-law action on the case.

It was also undisputed that the Alton company was not a party to the contract for release or associated in the Burlington's relief department. Section 5 of the Federal act has plainly no application to releases given to those who are not employers (*Robinson* v. *Balt. & Ohio R. R., supra*) and we do not understand that there was any contention or ruling to the contrary in the state court. The Alton company simply claimed the benefit of the release to the Burlington company upon the ground that the Burlington company was a joint tort feasor. But the rule invoked, that the release of one joint tort feasor is a release of all, is a rule of the common law,—in this case of the

---

[1] This section is as follows, Act of April 22, 1908, c. 149, 35 Stat. 65, 66:

"Sec. 5. That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this Act, shall to that extent be void: *Provided,* That in any action brought against any such common carrier under or by virtue of any of the provisions of this Act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employé or the person entitled thereto on account of the injury or death for which said action was brought."

common law of Illinois.  *Chicago* v. *Babcock,* 143 Illinois, 358, 366.  That is, assuming that the Burlington company was the employer and that the contract for its discharge from liability for this injury through the acceptance of benefits from its relief department was invalid under § 5 of the Employers' Liability Act, the question whether that release, thus invalid as against the Burlington company, would operate to discharge the Alton company as a joint tort feasor from its common-law liability was not, and we do not find that it was held to be, a matter of Federal law.  The Supreme Court of the State said upon this point, after stating that there was no valid release to the plaintiff's employer: "If it" (the release) "was not valid so far as the Burlington company was concerned, it was clearly invalid as to the plaintiff in error and constituted no defense to this action."  This, as we view it, was but to say that the release could not aid the Alton company for the very plain reason that the alleged joint tort feasor had not been discharged.  The state law did not recognize the discharge of the defendant by virtue of a release of a joint tort feasor which, under the law applicable thereto, was found to be without validity.

The only Federal question which it can be said was decided was with respect to the validity of the release as between Wagner and the Burlington company.  It is urged that § 5 was wholly inapplicable in an action brought against a third person to enforce a liability not created by the Federal act.  The argument is, in substance, that in this action against the Alton company, inasmuch as it is not brought to enforce the liability imposed by the Federal statute, § 5 cannot be considered for any purpose; that is, that under § 5 the release can be deemed to be invalid only so far as it is actually used to protect the Burlington company from liability in a suit against it under the act.  This involves, we think, a fundamental misconception.  It is, of course, impossible to determine

whether a joint tort feasor is discharged except by asking what would happen if he were sued. The liability created by the act arose when the injury was received, and it is clear that if it was received while Wagner was engaged in interstate commerce, his acceptance of benefits under the relief contract. would not bar an action against his employer. *Phila., Balt. & Wash. R. R.* v. *Schubert*, 224 U. S. 603, 613. When, therefore, the Alton company sought to escape from liability, otherwise existing under the state law, by reason of a release to the Burlington company, it was entirely competent for the plaintiff to show the nature of his employment and that the asserted release was within the Federal statute and could not operate as a discharge of the Burlington company with respect to the injury sustained. And the state court found upon abundant evidence that Wagner was engaged as an employé of that company in interstate commerce when he was hurt.

There was thus no misconstruction of the Federal act in holding that the contract between Wagner and the Burlington company, and his acceptance of benefits thereunder, did not release the latter from liability for the injury and that under § 5 that company, assuming it to be a joint tort feasor, would merely have the right to set off any sum which it had contributed to the benefits received; and there was no denial by the state court of any Federal right in declining to treat the relief contract, and the acceptance of benefits, as a discharge of the Alton company.

*Judgment affirmed.*