ADOLF SCHLEAPPE v. TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, Appellant.—98 S. W. (2d) 616.

Division One, November 12, 1936.*

---

*NOTE: Opinion filed at September Term, 1935, April 23, 1936; motion for rehearing filed; motion overruled at September Term, 1936, November 12, 1936.

*T. M. Pierce, J. L. Howell* and *Walter N. Davis* for appellant.

564

*Charles P. Noell* for respondent; *Wm. H. Allen* of counsel:

GANTT, P. J.—Action for personal injuries. Plaintiff was injured at eight-forty P. M. while serving the receivers of the Wabash Railway Company as an electrician in the yard of defendant Terminal Railroad Association at St. Louis. It was his duty to repair the electrical appliances of the receiver's passenger cars in said yard. In the performance of said duty he stepped from the vestibule step of a car and stumbled forward to the ground with his arms extended over the rail of an adjacent track. The train moving on said track crushed his arms. Judgment for $84,000.

The petition alleged: (1) That defendant negligently placed in the pathway between the tracks a metal brake shoe on which plaintiff stepped, stumbled and fell; (2) that it negligently permitted said shoe to remain in the pathway when it knew, or, by the exercise of ordinary care could have known, that it was in the pathway in time to have removed same and thereby avoided the injury; (3) that it knew, or, by the exercise of ordinary care, could have known that the shoe was in the pathway in time to have warned plaintiff and thereby avoided the injury.

The answer was a general denial with pleas of contributory negligence and assumption of risk. The reply was a general denial.

The third assignment of negligence was abandoned and the jury was instructed that if defendant placed and permitted the shoe in the pathway, the verdict should be for plaintiff. However, during the argument by defendant's attorney he said:

"It is his duty under his own instruction or the instruction of the Court to prove that the Terminal Railroad Association, or some of its agents or employees, put that there, and it is his duty to prove it was there a sufficient length of time for us to have discovered it. Now, has he done that? Won't you have to resort to speculation, guess and conjecture, or won't you have to do so to resolve either one of these facts in his favor. Won't you have to do so? What are you

going to say when you get up to your jury room? Well, how long was that there?

"By Mr. Noell (attorney for plaintiff): Now, if Your Honor please, I have refrained from interrupting, but that is not in the case —how long was it there. I ask you to caution the jury to disregard it, because under the instructions that is not in issue—how long it was there.

"By Mr. Davis (attorney for defendant): Now then, gentlemen, the only thing you have to determine is whether or not we negligently placed it there or not."

Thus it appears that during said argument the plaintiff abandoned the assignment of negligence that defendant permitted the shoe to remain in the pathway. Thereafter the arguments were directed solely to whether or not defendant placed the shoe in the pathway, and the case was submitted to the jury on that theory.

I. It is contended that there was no evidence tending to support this theory, and for that reason the court should have directed a verdict for defendant.

There was evidence tending to show the following: In stepping from the lower step of the car he was repairing, plaintiff stepped on a brake shoe in the pathway between the tracks, which caused him to fall forward and to the ground with his arms extended over the rail of an adjacent track. As stated, the train moving on said track crushed his arms. There is no direct evidence tending to show that defendant placed the shoe in the pathway. From this it is argued that the court should have directed a verdict for defendant. But defendant had control of the brake shoes in the yard. It serviced the cars by removing old brake shoes and replacing them with new shoes. In performing this work new shoes were placed next to the rail and out of the pathway that they might be accessible for use. Furthermore, the old shoes when removed were placed next to the rail and out of the pathway. Each afternoon defendant's employees removed the old shoes and deposited them in a receptacle kept in the yard for that purpose. Plaintiff stepped on an old brake shoe. We think it might reasonably be inferred that on this occasion defendant's employee or employees neglected to place this shoe next to the rail and out of the pathway. It is argued that the shoe might have been placed in the pathway by a trespasser or an employee of another railroad. We think this is mere speculation. It is not suggested why a trespasser or an employee of another railroad in going about the yard would have in his possession a twenty-five pound brake shoe. Furthermore, it is not probable that a trespasser or an employee of another railroad would, in passing through the yard, remove or kick a twenty-five pound brake shoe from next to the rail and into the pathway. It is not as if plaintiff stepped on a small bolt

or stick that might have been carried about in the yard by a trespasser or employee of another railroad and dropped in the pathway. [Defendant cites Bello v. Stuever, 44 S. W. (2d) 619, and Carnahan v. M. K. & T. Railroad Co., 338 Mo. 23, 88 S. W. (2d) 1027.] Those cases are distinguishable on the facts.

In this connection defendant contends that the court erroneously instructed the jury to return a verdict for plaintiff if an employee of defendant placed and permitted the brake shoe in the pathway. It argues that there was no evidence tending to support such issues. As stated, plaintiff abandoned the issue of permitting the shoe in the pathway, and on reviewing the ruling of the trial court on the demurrer we have ruled that there was substantial evidence tending to show that an employee of defendant placed the shoe in the pathway.

It also argues that the instruction should have required a finding that an employee, acting within the scope of his employment, placed the shoe in the pathway. The jury could not have understood the instruction to authorize a recovery if the shoe was placed in the pathway by an employee acting beyond the scope of his authority. If so, the error, if any, was not prejudicial.

II. Defendant also contends that the court erred in refusing testimony tending to show that Wabash passenger train No. 3, which left St. Louis for Kansas City at nine three A. M. the next day, carried interstate mail and express.

The testimony was offered upon the theory that if plaintiff was repairing a car that was about to be used in interstate commerce, he could not recover under the common law. Absent the relation of employer and employee, there can be no recovery under the Federal Employers' Liability Act. An employee of a carrier who is injured while on the premises of another carrier, through the latter's negligence, even though he be employed in interstate commerce, cannot maintain an action against the latter carrier under the Federal Employers' Liability Act for the reason that he is not an employee of such carrier. [Hull v. Philadelphia & R. Ry. Co., 252 U. S. 475; Chicago & Alton Ry. Co. v. Wagner, 239 U. S. 452.] Even so, it is argued that the Wabash, in using the yard, is defendant's lessee within the meaning of Section 4690, Revised Statutes 1929, and that defendant under said section is liable to the Wabash employees for negligence, and for that reason the action should have been brought under the Federal Employers' Liability Act. Under said section defendant might be liable for the negligence of the Wabash. But in this case the negligence of the Wabash is not an issue. [Defendant cites North Carolina Railroad Co. v. Zachary, 232 U. S. 248.] In that case the lessor was charged with the negligence of the lessee. It was ruled that under the local law the lessee was an agent of the lessor, and the lessee and its injured employee having been at the time engaged in

interstate commerce, an action under the Federal Employers' Liability Act could be maintained against the lessor. The case is without application.

III. Defendant also contends that the court erred in the admission of certain testimony. At the trial it was the theory of plaintiff that defendant's car cleaner was the first person at the scene of the casualty and that he removed the brake shoe from the pathway and placed it underneath the car steps. Thereafter some of plaintiff's witnesses arrived at the scene. Thereupon the car cleaner removed the brake shoe from underneath the car step and placed it in the pathway where he claimed to have found it immediately after the casualty. The court permitted plaintiff's witness to testify that when he arrived at the scene he saw the car cleaner take the shoe from underneath the step of the car and place it in the pathway where he claimed to have found it. Defendant is in no position to complain of this testimony, for it examined a prior witness with reference to the identical matter.

IV. Defendant also contends that plaintiff's counsel was guilty of misconduct in the argument of the case, and for that reason the court should have ordered a mistrial. The record indicates that the trial was a spirited contest. However, we do not think that the rights of defendant were prejudiced by the argument.

V. Defendant also contends that the verdict is excessive. At the time plaintiff was thirty years of age, with an expectancy of thirty-three years, and earning $200 a month. He is unable to use artificial arms, for his arms were crushed just below the elbow. He must have experienced great pain. Furthermore, he is helpless and his earning ability is destroyed. In a similar case we sustained a judgment for $25,000. [Moore v. Railroad, 268 Mo. 31, 186 S. W. 1035.] In that case plaintiff "lost both hands, and one of his legs was broken and so injured that it is two and one-half inches shorter than the other, and its use is much impaired otherwise." Of course, no sum of money would compensate plaintiff. In this situation the question must be determined by precedent. In view of decisions of this court in cases where the injury rendered the person helpless, we think that the judgment is excessive by $50,000. If, therefore, plaintiff will within ten days remit the sum of $50,000 of this judgment as of the date thereof, the judgment will be affirmed for $34,000 as of the date of the original judgment; otherwise the judgment is reversed and the cause remanded. All concur.