Clarence CAULK

v.

**BALTIMORE & OHIO RAILROAD,**
**a Maryland corporation.**

**Civ. No. 20012.**

United States District Court
D. Maryland.

Dec. 10, 1969.

Bernard M. Goldstein, Baltimore, Md., for plaintiff.

H. Russell Smouse, Clapp, Somerville, Black & Honemann, and Thomas L. Samuel, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

■ This is an action by a railroad employee under the Federal Employers' Liability Act for injuries sustained when plaintiff fell through a skylight in the roof of defendant's wheel and axle shop. The case is before the Court on plaintiff's exceptions to defendant's refusal to answer the two interrogatories set out below.

"29.—What repairs or work were made or done after the occurrence of the subject accident?"

Interrogatories may be propounded regarding any matter, not privileged, which is relevant to the subject matter involved in the action. It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought seems reasonably calculated to lead to the discovery of admissible evidence. Rules 26(b) and 33, F.R.Civ.P.

Plaintiff argues that information regarding the nature and type of repairs made after the accident may lead to discovery of relevant and admissible evidence concerning the condition of the skylight at the time of the accident, and that evidence as to repairs may become admissible as a result of developments at the trial, depending upon the evidence offered by defendant. Defendant relies primarily upon the "public policy" argument that the admission of such evidence would discourage repairs which would make a reasonably safe area more safe.

The interrogatory is loosely worded, but will be construed as seeking information with respect to any repairs to the skylight made after the accident. So construed, the weight of authority is in favor of allowing the discovery requested. 4 Moore's Federal Practice, 2d Ed., ¶ 26.16[1], at p. 1185; Novak v. Good Will Grange No. 127, Patrons of Husbandry, 28 F.R.D. 394 (D.Conn. 1961); Stovall v. Gulf and South American Steamship Company, 30 F.R.D. 152 (S.D.Tex.1961); Richards-Wilcox Mfg. Co. v. Young Spring & Wire Corp., 34 F.R.D. 212 (N.D.Ill.1964); cf. Hammill v. Hyster Company, 42 F.R.D. 173 (E.D.Wis.1967).

Plaintiff's exception to defendant's refusal to answer Interrogatory 29 is hereby sustained.

"32. State the sums paid by your company or for which it is obligated on account of the following services rendered to Plaintiff after the subject accident:

a) Hospitals

b) Clinics

c) Doctors

d) Identify and give the bill of each of the above."

■ Plaintiff argues that the information sought by the interrogatory is

admissible as well as discoverable. He cites and relies on Plank v. Summers, 203 Md. 552, 102 A.2d 262 (1954), and Leizear v. Butler, 226 Md. 171, 172 A.2d 518 (1961), which apply the so-called "collateral source" rule. See also Sainsbury v. Pennsylvania Greyhound Lines, 183 F.2d 548 (4 Cir. 1950). In this case, however, defendant is not a collateral source. The situation is analogous to that in Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), an action under the Tort Claims Act, where the Supreme Court said: "Without the benefit of argument in this Court, or discussion of the matter in the Court of Appeals, we now see no indication that Congress meant the United States to pay twice for the same injury. Certain elements of tort damages may be the equivalent of elements taken into account in providing disability payments. It would seem incongruous, at first glance, if the United States should have to pay in tort for hospital expenses it had already paid, for example." 337 U.S. at 53, 54, 69 S.Ct. at 921. On remand, the Fourth Circuit said: " * * * the government provided plaintiff with hospitalization and medical care, without cost to him; and, of course, nothing should be included in the award of damages on that account". United States v. Brooks, 176 F.2d 482, 483. See also Knecht v. United States, 242 F.2d 929, 931 (3 Cir. 1957). Although it is undisputed that discovery is as appropriate for proof of a plaintiff's damages as it is for proof for other facts essential to his case, 4 Moore op. cit., ¶ 26.18, no decision allowing proof of such damages in an F.E.L.A. case has been cited or found.

It does not appear that the information sought is likely to lead to the discovery of admissible evidence of which plaintiff has not already been advised by defendant, in view of the fact that defendant has already supplied plaintiff, in answer to other interrogatories, (No. 13) with the names of the doctors, hospitals and clinics to whom defendant referred plaintiff for examination or treatment or both, and (No. 16) with copies of the medical reports sought by plaintiff. Plaintiff's counsel has not suggested any other relevant and admissible evidence to which the information sought in Interrogatory 32 might lead. A recent case involving a somewhat similar question, Hughes v. Groves, 47 F.R.D. 52, 56 (W.D.Mo.1969), is distinguishable.

Plaintiff may seek, under applicable rules and decisions, any discoverable information about his medical treatment not heretofore supplied.

Plaintiff's exception to defendant's refusal to answer Interrogatory 32 is overruled, without prejudice to plaintiff's right to obtain any additional discoverable information with respect to his treatment.