**Jack M. NELSON, Plaintiff,**

v.

**PENN CENTRAL RAILROAD CO., Defendant.**

Civ. No. C–73–2.

United States District Court, N. D. Ohio, W. D.

June 8, 1976.

Samuel T. Gaines, Cleveland, Ohio, for plaintiff.

Richard F. Ellenberger, Toledo, Ohio, for defendant.

MEMORANDUM AND ORDER

DON J. YOUNG, District Judge:

This cause came to be heard upon motion of defendant to limit and exclude from plaintiff's proof of damages all evidence relating to medical expenses and the reasonable value thereof reasonably and causally connected with the occurrence of Feb-

ruary 8, 1971, said occurrence being the subject matter of this lawsuit. This is a case brought pursuant to the Federal Employers' Liability Act (hereafter FELA), 45 U.S.C. § 51. Plaintiff is a non-operating employee of the defendant who was injured while on the job in February of 1971. The medical expenses which the plaintiff has incurred as a result of this accident have been paid by the defendant through a policy of insurance, Group Policy GA 23000, issued by the Travelers Insurance Company. Defendant submits that said insurance is not a collateral source and therefore plaintiff is not entitled to recover damages for his medical expenses.

Plaintiff argues that the decisive factor in determining whether Travelers Group Policy 23000 is a collateral source as to on-duty injury benefits is the character of the subject benefits. Plaintiff argues that the benefits are clearly established to derive from plaintiff's services as an employee. They are, therefore, in a sense paid for by the employee and thus are a collateral source. Plaintiff attempts to bolster this position by pointing out that the benefits were bargained for by his union and that such bargaining could not have occurred unless the benefits were ones to which the employees were entitled as a result of services rendered as employees. Plaintiff recognizes that it is the defendant who is paying the premiums on said insurance. He argues, however, that his union bargained for said payment by the defendant, and, therefore, the insurance, at the very least, is in the nature of a fringe benefit.

The defendant's position on this matter is simply that Article V Section 1(d)1 of the Collective Bargaining Agreement of August, 1960, still in effect today, states that the premiums paid by the defendant for insurance benefit payments resulting from on-duty injuries are not considered as wage equivalents. This means that the money used to pay the premiums would not otherwise be paid to employees in the form of wages. Defendant contends that the insurance was purchased to indemnify it against liability incurred as a result of on-duty inju-

ries. Defendant further argues that since the premiums are paid by it and since such payment is not a wage equivalent, the insurance is neither a fringe benefit nor in any other respect a collateral source. Medical expenses paid through insurance, therefore, are not recoverable as damages in an FELA suit.

The collateral source rule was explained very well in *Haughton v. Blackships, Inc.*, 462 F.2d 788 (5th Cir. 1972), where at page 791 the court states:

> The policy considerations for the collateral source rule are apparent. On the one hand, an employer-tortfeasor who voluntarily undertakes to indemnify itself against liability by payment into a fund for that purpose, should not be penalized by permitting the plaintiff a double recovery of his benefits under the fund as well as his full measure of damages. On the other hand, where the employer-tortfeasor makes payment directly or indirectly into a fund established for an independent reason, or where such payment by the employer should be considered in the nature of a fringe benefit or deferred compensation, the employer should not be entitled to benefit by setting off such income in mitigation of his responsibility as a tortfeasor.

On two previous occasions this Court has considered the question of whether Travelers Group Policy GA 23000 is a collateral source. In both instances, the Court held that it was not. Nothing in plaintiff's brief has convinced the Court that it should alter its opinion. Plaintiff relies heavily on *Patterson v. Norfolk and Western Railway Company*, 489 F.2d 303 (6th Cir. 1973). In *Patterson*, the Sixth Circuit states at page 308:

> [T]he payment of premiums does not prevent the insurance policy from being classified as a collateral source. Application of the collateral source rule depends more on the character of the benefits than upon the source of the funds.

This Court certainly agrees with, and indeed is compelled to follow, these propositions. The Court further agrees that

whether the insurance is provided as the result of a collective bargaining agreement is not, in and of itself, dispositive of the collateral source question. *See Patterson v. Norfolk and Western Railway Co., supra* at 308 n.3. In this case, however, the bargaining agreement went further than merely stating that the employer should pay the insurance premiums. The agreement expressly provided that the amount paid as premiums was not to be considered as a wage equivalent. Thus the union agreed that the benefits were not being provided in lieu of wages. The history of the payment of medical expenses for on-duty injuries demonstrates that such collective bargaining agreement was in keeping with the tradition in the railroad industry. The railroads had always paid for employees' medical expenses. *See Affidavit of W. L. Burner attached to defendant's motion*, pp. 9–10. The purchase of an insurance policy did two things: (1) it permitted the employees the opportunity to select the physician of their choice instead of being compelled to accept the railroad's doctor; and (2) the policy insured the railroad against medical costs for on-duty injuries. Thus the policy was used to reduce the effect of paying medical expenses. It, therefore, was a policy of indemnity against liability for on-duty injuries. *See Kowalski v. Penn Central*, No. 73–1340 (N.D.Ohio filed April 17, 1975); *Thomas v. Penn Central*, 379 F.Supp. 24 (W.D.Pa. filed July 12, 1974). The character of this insurance policy is not, therefore, that of a fringe benefit given in part consideration for the plaintiff's services as an employee. It, therefore, also is not a collateral source.

For the reasons stated herein, good cause therefor appearing, it is

ORDERED that the defendant's *Motion in Limine* should be, and it hereby is, granted, and it is

FURTHER ORDERED that the plaintiff shall not introduce at trial any testimony or other evidence with respect to medical costs, hospital bills or other medical expenses incurred by him which were paid for through Travelers Group Insurance Policy GA 23000 relating to on-duty injuries. Plaintiff, may, of course, introduce evidence of medical expenses which he, himself, paid for out of his own funds.

IT IS SO ORDERED.