Roy L. POOLE

v.

The BALTIMORE AND OHIO
RAILROAD COMPANY.

Civ. A. No. N–83–4482.

United States District Court,
D. Maryland.

Jan. 31, 1985.

Guy M. Albertini, and Albertini & Thompson, Baltimore, Md., for plaintiff.

H. Russell Smouse, George Pappas, and Melnicove, Kaufman, Weiner & Smouse, and C. Keith Meiser, Baltimore, Md., for defendant.

## ORAL OPINION

NORTHROP, Senior District Judge.

Currently pending is a Motion in Limine filed by defendant, The Baltimore and Ohio Railroad Company. Through its motion, the Railroad seeks an order precluding the introduction by Roy L. Poole, plaintiff, of any testimony or documentary evidence concerning bills or expenses for medical care and treatment incurred by plaintiff which have been paid on plaintiff's behalf. Both parties submitted briefs on the issue and I have heard oral argument from counsel. After careful consideration, the Court concludes that the collateral source rule applies, and plaintiff shall be permitted to submit to the jury his medical expenses for their consideration in determining an award of compensation, if any. A brief explanation for this ruling is in order.

Under the prevailing collective bargaining agreement, the Railroad is required to provide medical insurance for its employees in the form of Traveler's Insurance Group Policy Contract GA–23000. *See* Railroad's Exhibit A, Art. III § A. The Railroad has taken the position that this insurance policy and the medical payments covered by it are not wage equivalents or fringe benefits and thus not collateral source benefits in any respect. Several courts have adopted this argument. *See Nelson v. Penn Central Railroad,* 415 F.Supp. 225 (N.D.Ohio 1976);

*Thomas v. Penn Central Company,* 379 F.Supp. 24 (W.D.Pa.1974); *Wagner v. Reading Company,* 428 F.2d 289 (3d Cir. 1970).

The Court finds the reasoning of those cases unpersuasive. It is well settled that a plaintiff's recovery under the ordinary negligence rules is not diminished by payments from a collateral source such as an insurance company. The rationale behind this Collateral Source Rule is that there is no double recovery as long as the plaintiff has contributed to the original source of the payments received. *See Restatement of Torts, Second,* § 920A (1979) and particularly Comment (c)(2). In that regard, the Court views the Traveler's GA–23000 policy as a fringe benefit given in part consideration for Mr. Poole's services as an employee. In this Court's opinion, it is naive to view the policy in any other light. As such, the insurance is clearly a collateral source and plaintiff is entitled to introduce evidence concerning the value of the medical treatment he received. In support of this conclusion, *see Clark v. Burlington Northern, Inc.,* 726 F.2d 448 (8th Cir.1984); *Urbaniak v. Erie Lackawanna Railroad Co.,* 424 F.Supp. 981 (W.D.N.Y. 1977); *Patterson v. Norfolk and Western Railway Co.,* 489 F.2d 303 (6th Cir.1973); *Hall v. Minnesota Transfer Railway Co.,* 322 F.Supp. 92 (D.Minn.1971).

There are two other points I want to touch on. First, the Railroad cites *Caulk v. Baltimore & Ohio Railroad Co.,* 306 F.Supp. 1171 (D.Md.1969), in support of its position and argues that since it is the only published decision in this District on the issue, *Caulk* is entitled to special weight. *Caulk* did indeed hold that the Railroad is not a collateral source. *Id.,* at 1173. And, as the Railroad's counsel suggests, opinions from this District are generally entitled to greater deference; however, for two reasons I decline to adopt the reasoning of *Caulk, supra.*

First, Judge Thomsen, then Chief Judge, noted in *Caulk* that he had no precedent for allowing the recovery of medical expenses in FELA cases. *Id.* That premise is no longer true and, as cited above, the most recent and perhaps the weight of authority allows proof of medical expenses in FELA cases. Second, and most importantly, Judge Thomsen apparently reversed his holding in *Caulk* four years later in *Blake v. Delaware and Hudson Railway Co.,* 484 F.2d 204 (2nd Cir.1973). Sitting by designation on this special railroad court, Judge Thomsen unequivocally held that medical expenses paid under Traveler's Group Policy GA–23000 were collateral source payments and properly considered by the jury. *Id.* at 207. For these reasons, I do not find *Caulk* controlling in this matter.

Lastly, the Court notes that under § 5 of the FELA, 45 U.S.C. § 55, there is authority for the proposition that a railroad is entitled to a setoff for the insurance premiums paid on plaintiff's behalf. *See Blake, supra,* 484 F.2d at 207 (Friendly, J., concurring). I will entertain oral argument from counsel on the applicability of this setoff at the end of the trial, if it is appropriate.

A separate order confirming the within rulings will be entered.