**Michael CLARK, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, Defendant.**

Civ. A. No. 86–0347.

United States District Court,
District of Columbia.

Feb. 3, 1987.

Irving Schwartzman, Savage & Schwartzman, P.A., Baltimore, Md., C. Louise Ball, Ball & Ball, Alexandria, Va., for plaintiff.

J. Kathleen O'Shea Poux, Silver Spring, Md., R. Harrison Pledger, Jr., Cynthia L. Vancil, McLean, Va., for defendant.

## ORDER

JOYCE HENS GREEN, District Judge.

Before the Court is defendant's motion in limine in which it seeks to exclude from evidence any reference, direct or indirect, to medical expenses paid on behalf of plaintiff by the defendant, Washington Terminal Company, or defendant's insurance coverage, Travelers Group Policy No. GA–23000. For the reasons set forth briefly below, defendant's motion shall be granted.

■ Section 55 of the Federal Employer's Liability Act provides:

Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this Act shall, to that extent be void; Provided, that in any action brought against any such common carrier under or by virtue of any of the provisions of this Act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought.

45 U.S.C. § 55. Plaintiff claims that an order excluding evidence of medical expenses paid by defendant directly or through its insurance would effectively exempt defendant from liability, in contravention of section 55 of the Act. In so arguing, plaintiff relies principally on the decision in *Poole v. Baltimore & Ohio R.R.*, 657 F.Supp. 1 (D.Md.1985), in which a district court denied a motion in limine identical to the one at issue here. In *Poole*, Judge Northrop did not announce the blanket prohibition advanced by plaintiff, but rather applied the traditional collateral source rule. That rule provides generally that an employer-tortfeasor may not mitigate damages by setting off funds received by the employee from an independent source, such as insurance proceeds. In the case of proceeds received from a fund to which the employer, rather than the employee, has made contributions, the application of the collateral source rule turns on whether the premiums are viewed as fringe benefits or deferred compensation, in which case the rule applies, or as payments made by the employer in order to indemnify itself against liability, in which case the rule does not apply and the employer is entitled to set off. *See Haughton v. Blackships, Inc.*, 462 F.2d 788, 791 (5th Cir.1972); *Wagner v. Reading Co.*, 428 F.2d 289 (3d Cir.1970); *Nelson v. Penn Central R.R.*, 415 F.Supp. 225 (N.D.Ohio 1976); *Thomas v. Penn Central Co.*, 379 F.Supp. 24 (W.D.Pa.1974). Judge Northrop did not depart from this approach in *Poole;* he simply held that the Traveler's policy GA–23000 financed by the

▇▇▇▇▇▇▇▇

defendant was a fringe benefit given in consideration of the plaintiff's services. *Poole v. Baltimore & Ohio R.R.*, No. 83–4482, slip op. at 2. Other courts have taken a contrary view. *See Wagner v. Reading Co.*, 428 F.2d at 292 n. 7; *Adams v. Washington Terminal Co.*, No. 86–0061 (D.D.C. June 27, 1986); *Nelson v. Penn Central R.R.*, 415 F.Supp. at 227; *Thomas v. Penn Central Co.*, 379 F.Supp. at 27.

In *Blake v. Hudson Ry. Co.*, 484 F.2d 204 (2d Cir.1973), the Second Circuit ruled that, notwithstanding language in the railroad industry's collective bargaining agreement stating that premiums paid for the Traveler's policy were not wage equivalents, defendant was only entitled to set off the amount it had paid in premiums, not the insurance benefits those premiums purchased. In a concurring opinion, Judge Friendly wrote that "[i]f the railroads wish to avoid [this] harsh result ..., they can accomplish this by specific provision in the collective bargaining agreement." *Id.* at 207 (Friendly, J., concurring). Not long thereafter, the industry and union modified their collective bargaining agreement to provide as follows:

> In case of an injury or a sickness for which an employee was eligible for employee benefits under Group Policy Contract GA–23000 and may have a right of recovery against either the employing railroad or a third party tort-feasor (a party who has committed a wrongful act), or both, benefits will be provided under the policy contract subject to the provisions hereinafter set forth. The parties hereto do not intend that benefits provided under the policy contract will duplicate, in whole or in part, any amount recovered from either the employing railroad or a third party tort-feasor for hospital, surgical, medical or related expenses of any kind specified in the policy contract, and they intend the benefits provided under the policy contract will satisfy any right of recovery against the employing railroad for such benefits to the extent of the benefits so provided. Accordingly,—

> (1) Benefits provided under the policy contract will be offset against any right of recovery the employee may have against the employing railroad for hospital, surgical, medical or related expenses of any kind specified in the policy contract.

National Health and Welfare Agreement, Art. III, § A (Oct. 22, 1975).

▇▇▇▇▇ The parties to the collective bargaining agreement have made unmistakably clear their intent that the insurance policy at issue here is not a fringe benefit for employees and that the collateral source rule should not apply to proceeds paid out under it. Nor is there any unfairness to plaintiff if medical expenses covered by the policy are excluded from evidence. Plaintiff paid none of the premiums for the insurance, thus if he recovers for expenses covered by the policy he will receive a windfall, and defendant will be penalized for attempting to indemnify itself against liability. Finally, indemnification against liability is not, as plaintiff appears to believe, the same as exemption from liability; defendant's policy does not excuse it from liability, but merely insures defendant in the event it is held liable.

Accordingly, it is this 2nd day of February, 1987

ORDERED that all evidence of or reference, direct or indirect, to medical expenses paid on behalf of the plaintiff by the defendant, Washington Terminal Company itself, or through Travelers Group Policy No. GA–23000, shall be excluded from the trial of this matter.