Wayne FRANCIS

v.

NATIONAL RAILROAD PASSENGER CORPORATION (Amtrak)

Civ. No. S 86–463.

United States District Court,
D. Maryland.

April 30, 1987.

Irving Schwartzman, Savage & Schwartzman, P.A., Alexander Stark, Stark & Little, Baltimore, Md., for plaintiff.

Mark J. Daneker, Michael W. Prokopik, Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

By letter dated April 10, 1987, I granted the defendant's motion for reconsideration of my Memorandum and Order dated April 8, 1987, which denied defendant's motion *in limine*. The motion for reconsideration was heard April 16, 1987.

The particular question raised by the motion *in limine* is the treatment, under the collateral source rule, of paid medical bills incurred for the treatment of an injured railway worker. It is understood by the Court that these bills are paid on the employing railroad's behalf under Travelers Group Policy No. GA–23000. This group policy is issued pursuant to a collective bargaining agreement (National Health and Welfare Agreement, Article III, § A (October 22, 1975)), which provides that benefits under the group policy will be "offset against any right of recovery the employee may have against the employing railroad for hospital, surgical, medical or related expenses of any kind specified in the policy contract." The collective bargaining agreement further provides:

> The parties hereto do not intend that benefits provided under the policy contract will duplicate, in whole or in part, any amount recovered from … the employing railroad … for hospital, surgical, medical or related expenses of any kind specified in the policy contract, and they intend the benefits provided under the policy contract will satisfy any right of recovery against the employing railroad for such benefits to the extent of the benefits so provided.

Judge Joyce Hens Green of the United States District Court for the District of Columbia, considering the quoted language, has held that the payments in question are not collateral source, and she has,

therefore, excluded from FELA trials all evidence of, or reference to, medical expenses paid on behalf of the plaintiff by the employing railroad itself or through its group policy. *Clark v. National Railway Passenger Corp.*, 654 F.Supp. 376 (D.D.C. 1987).

In this District (according to counsel in this case), at least one judge has taken the position that the collateral source rule applies, and one has taken the position that it is inapplicable. Another has recognized that the defendant is entitled to an offset for the paid bills, but he has determined that this offset should be made by the Court post-verdict, in the form of an appropriate deduction from the damage award, and that plaintiff should be allowed to present evidence of the bills before the jury, but the defendant should not be allowed to present evidence of payment to the jury. Judge Ramsey, in a written opinion, has determined that the payments are not collateral source, and that if the plaintiff were allowed to retain them, there would be a prohibited double recovery of medical expenses. *Brice v. National Railroad Passenger Corp.*, 664 F.Supp. 220 (D.Md.1987). Judge Ramsey did not prohibit introduction of evidence of the bills by the plaintiff, or evidence of payment by the defendant, at trial. Instead, he expressly permitted such evidence to be introduced by the parties, while holding that double recovery would be prevented either by an instruction to the jury or by a reduction in the jury's award by the Court. Judge Ramsey, in *Brice,* did not specify which method of adjustment he would employ at trial. *Id.* at 224.

Having considered all of the approaches cited by counsel, both written and unwritten, and having carefully reviewed the collective bargaining agreement at issue, this judge concludes that the collateral source rule does not permit recovery by the FELA plaintiff of any medical expenses that have been paid by his employer directly or through the group policy in question. This judge also concludes that, because these items are not recoverable as damages, evidence as to their amount or the fact of their payment is irrelevant, in that it does not tend to prove or disprove any fact in issue. Fed.R.Evid. 401. Only relevant evidence is admissible. Fed.R.Evid. 402. This judge recognizes that Judge Ramsey held, *Brice,* at 224, that "the amount of medical expenses incurred by plaintiff ... is relevant to the determination of the full extent and nature of plaintiff's injuries." Respectfully, though, this judge disagrees with that conclusion. Relevant objective evidence on the extent and nature of injuries consists of the expert testimony of treating physicians and other medical practitioners. The price tag of treatment does not tend to prove or disprove anything about the nature and extent of injuries, save what it has cost to treat them, which is not recoverable. Because the plaintiff cannot recover that cost, for the reasons stated *ante,* the evidence of cost is irrelevant. An analogy may be helpful to illustrate the point. If the question is the extent of a mechanical defect in a new car, and the actual cost of the repair has been paid by warranty coverage, the cost of repair is not relevant. Some mechanics may be able to diagnose and cure the problem for $50.00, whereas others might not be able to do so for ten times that amount. Some defects may be severe enough to warrant revocation of acceptance but yet not costly to cure, and the opposite is just as likely true. Thus, evidence of the cost of mechanics' services would be irrelevant, because it is not probative on the question at issue. For the same reason, cost of medical treatment, when there is no right to recover damages in respect of it, is irrelevant.

For the foregoing reasons, the Court has concluded that the defendant's motion *in limine* should be granted, and that all references at trial to plaintiff's medical expenses paid by or on behalf of the employing railroad are barred. Accordingly, reconsideration is granted, the Court's Memorandum and its Order of April 8, 1987 are rescinded, and this Memorandum and an accompanying Order are entered in lieu thereof.