Anthony LYONS

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY.

Civ. A. No. 86–1020.

United States District Court, W.D. Louisiana, Lafayette–Opelousas Division.

April 13, 1988.

**910**

James P. Ryan, Morrow & Morrow, Opelousas, La., for plaintiff.

James J. Davidson, III and Jeffrey A. Rhoades, Davidson, Meaux, Sonnier & McElligott, Lafayette, La., for defendant.

William M. Bass, Voorhies & Labbe, Lafayette, La., for third-party defendant, Vermeer Mfg. Co.

## RULING

LITTLE, District Judge.

At issue in this motion in limine is the collateral source rule. Specifically, is evidence of the payment of plaintiff's medical expenses by an employer-funded insurance plan admissible, or do such payments emanate from a truly collateral source, making them inadmissible?

Anthony Lyons filed this suit against his employer, Southern Pacific Transportation Company, pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, for injuries he allegedly suffered in the course of his employment. Plaintiff's medical bills were paid on behalf of Southern Pacific under Traveler's Group Policy No. GA–23000. Policy GA–23000 is a group policy which provides medical benefits for railroad employees. The plan is financed by premiums paid by the railroads themselves. *Urbaniak v. Erie Lackawanna Railway Co.*, 424 F.Supp. 981 (W.D.N.Y.1977). The policy was issued pursuant to a collective bargaining agreement which provides that injured employees who "may have a right of recovery against either the employing railroad or a third-party tort-feasor" are eligible for such payments. Additionally, the collective bargaining agreement states:

> The parties hereto do not intend that benefits provided under the policy contract will duplicate, in whole or in part, any amount recovered from either the employing railroad or a third-party tort-feasor for hospital, surgical, medical or related expenses of any kind specified in the policy contract, and they intend the benefits provided under the policy contract will satisfy any right of recovery against the employing railroad for such

benefits to the extent of the benefits provided.

National Health & Welfare Agreement of 22 October 1975, article 3, section A (defendant's exhibit C). *See Kendig v. Consolidated Rail Corp.*, 671 F.Supp. 1068 (D.Md.1987).

■ The courts have divided on whether payments under policy GA–23000 are subject to the collateral source rule in FELA actions. The collateral source rule prohibits crediting against the tort-feasor's liability payments conferred on the injured party by an independent source. *Restatement (Second) of Torts*, § 920(a). The collateral source rule is an exception to the general rule limiting tort damages to those classified as compensatory. The rule permits recovery against a wrongdoer for the full amount of damages even though the plaintiff is also compensated from another source which is wholly independent of the wrongdoer and whose payment is therefore collateral to his. *Overton v. United States*, 619 F.2d 1299, 1306 (8th Cir.1980). Therefore, if the payment of medical expenses stems from a source independent of Southern Pacific, evidence of the payments may not be admitted and the plaintiff may recover for them.

Even if the benefits paid under the policy are not deemed to stem from a collateral source, the plaintiff claims that § 5 of the FELA prohibits a railroad from directly or indirectly exempting itself from liability.

> A contract, rule, regulation or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: provided, that any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, *such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or person entitled thereto on account of injury or death for which said action was brought.*

45 U.S.C. § 55. Although the language in the above provision appears broad enough to completely abrogate the collateral source rule, it has been construed to allow set-off only when the payments were voluntarily undertaken by the employer to indemnify itself against possible FELA liability as opposed to payments classified as a fringe benefit. *Clark v. Burlington Northern, Inc.*, 726 F.2d 448, 450 (8th Cir. 1984); *Brice v. National Railroad Passenger Corp.*, 664 F.Supp. 220, 223 (D.Md. 1987).

■ The weight of recent authority holds that the payment of an employee's medical expenses under GA–23000 are not a collateral source. Those cases reason that where an employer clearly expresses an intent to make a voluntary benefit plan supplemental to sums recovered under the FELA, set-off is appropriate. *Clark v. Burlington Northern, Inc.*, 726 F.2d at 451; *Brice v. National Railroad Passenger Corp.*, 654 F.Supp. at 223; *Gonzalez v. Indiana Harbor Belt Railroad Co.*, 638 F.Supp. 308, 310 (N.D.Ind.1986). The *Clark* decision noted that an employer's intent to avoid double liability must be respected if the collateral source rule is not to swallow up § 5 of FELA at the ultimate expense of the employees. The intent to establish policy GA–23000 for the purpose of indemnifying the railroads against FELA liability, as opposed to providing a fringe benefit for employees, is found in the Health & Welfare Agreement, *supra.* In fact, the Health & Welfare Agreement was a direct result of earlier FELA cases which denied set-off of medical payments made by employers. In *Blake v. Delaware & Hudson Railway Co.*, 484 F.2d 204 (2d Cir.1973), Judge Friendly, in his concurrence, urged the railroads to negotiate a provision in the collective bargaining agreement which would allow them to fulfill their FELA liabilities with insurance. *Id.* at 207 (Friendly, J., concurring); *Folkestad v. Burlington Northern, Inc.*, 813 F.2d 1377, 1382–83 (9th Cir.1987); *Urbaniak v. Erie Lackawanna Railway Co.*, 424 F.Supp. 981, 984 (W.D.N.Y.1977).

■ Plaintiff also objects to the set-off because § 5 of FELA renders void any "contract, rule, regulation or device whatsoever, the purpose or intent of which shall be to enable a common carrier to exempt itself from any liability." 45 U.S.C. § 55. However, policy GA–23000 is not a prohibitive device intended by Southern Pacific "to exempt itself from any liability;" rather, it is a method of obtaining funds to pay such liability and would thus not fall within the prohibition of the statute. *Brice v. National Railroad Passenger Corp., supra* at 224, *quoting Thomas v. Penn Central Co.*, 379 F.Supp. 24, 27 (W.D.Pa.1974). The purpose of § 5 of FELA is to insure an employee receives full compensation for his loss. It is not intended to prohibit an employer from indemnifying itself against FELA liability. *Brice, supra.*

■ The defendant's motion in limine is GRANTED. The payments received by plaintiff under policy GA–23000 do not fall within the collateral source rule. Plaintiff has already been compensated for his medical expenses; he may not introduce evidence of those medical expenses at trial.