# SOUTHWESTERN BREWERY AND ICE COMPANY *v.* SCHMIDT.

## ERROR TO THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 55.　Argued November 14, 15, 1912.—Decided December 2, 1912.

A master may remain liable for a certain time for a failure to use reasonable care in furnishing a safe place for the servant to work, notwithstanding the servant's appreciation of the danger, if he induces the servant to keep on by a promise to remove the source of danger.

Even if it is open, it will require a strong case to induce the appellate court to review the discretion of the trial court in allowing leading questions; in this case, the witness being a foreigner who seemingly did not understand the English language, there is no ground for revision.

This court will not go behind the decision of the Supreme Court of a Territory upon a matter of local practice in order to reverse the judgment upon a technicality and an assumption contrary to a fact appearing in the record.

In this case the trial court appears to have properly instructed the jury in regard to damages to which the plaintiff was entitled for personal injury, and did not as to future pain, etc., go beyond conservative rules laid down in such cases.

The court may, within conservative rules, instruct the jury that they may, in estimating the damages of a plaintiff in a personal injury suit, consider loss of time with reference to ability to earn money, temporary or permanent impairment of capacity to earn money, disfigurement and pain, past or reasonably certain to be suffered in the future.  See *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Lindeman,* 143 Fed. Rep. 946.

Where the charge directs that the jury deduct from damages amounts paid under a release executed by plaintiff, if the jury set the release aside it is immaterial what the amounts so paid represented as 'the transaction was rescinded by the verdict.

15 N. Mex. 232, affirmed.

THE facts, which involve the validity of a verdict for personal injuries, are stated in the opinion.

*Mr. Francis E. Wood,* with whom *Mr. O. N. Marron* was on the brief, for plaintiff in error:

The trial court erred in refusing to grant defendants' motion for judgment in its favor on the special findings of the jury.

This is an action for negligence, not on contract.  To maintain it, the first step must be to establish some breach of duty, some actionable negligence on the part of the appellant.

The general verdict for plaintiff is inconsistent with the special finding, and the special finding must prevail. Sec. 2993, Comp. Laws of New Mexico of 1897.  This section was examined and approved in *Walker* v. *Southern Pacific Ry. Co.,* 165 U. S. 593.

The law imposed on the defendant in this case only the obligation to use reasonable and ordinary care and diligence in keeping the cooker in a reasonably safe condition for use.  It did not make him an insurer of the condition

of the cooker or of the safety of the plaintiff. 20 A. & E. Enc. 74; Shearman & Redf. on Negligence, § 189, 4th Ed.; *Probst* v. *Delamater*, 100 N. Y. 272; *Brymer* v. *Southern Pac. Co.*, 27 Pac. Rep. 371; 26 Cyc. 113–168; Labatt on Master and Servant, § 110; see also *Moore* v. *Wabash Ry. Co.*, 85 Missouri, 588; *Bailey* v. *R. W. & O. Ry.*, 139 N. Y. 302.

Plaintiff was entirely familiar with the cooker. He had had charge of it and used it for a year. He understood and appreciated the risk, as well as an ordinarily prudent man could do. He knew the kettle was cracked and leaking in May, 1905, at least seven months before the injury.

The jury having expressly found that it was not so defective that a reasonably prudent man would not have used it, the defendant is not legally liable for damages resulting from its use.

To require a greater measure of care than this of the defendant was to require a greater amount than the law imposes upon him.

A promise to change conditions, the existence of which is not negligence, gives no right of action if injury results from such condition while the promise remains unfulfilled. *Sweeney* v. *Jones Elevator Co.*, 101 N. Y. 520; Shearman & Redf. on Negligence, § 186.

It is the original negligence of the defendant that is the base of the cause of action and not the promise to repair. *Coin* v. *Talge*, 222 Missouri, 499, and see note in 25 L. R. A. (N. S.) 1179. See also *Andrecsic* v. *N. J. Tube Co.*, 73 N. J. Law, 664; *I. & G. N. R. Co.* v. *Williams*, 82 Texas, 342; *Dunkerly* v. *Webendorfer Mach. Co.*, 71 N. J. Law, 60; *Obanheim* v. *Arbuckle*, 80 App. Div. 465; *Bodie* v. *C. & W. C. R. Co.*, 61 S. Car. 468; *Reiser* v. *S. P. M. & L. Co.*, 114 Kentucky, 1. *Hough* v. *Railroad Co.*, 100 U. S. 224, and *Gowan* v. *Harley*, 56 Fed. Rep. 973, cited by defendant in error, do not sustain his contention.

It was reversible error to allow leading questions to be put to the plaintiff to elicit evidence that he was induced to use the cooker by the promise to repair it and would not have used it otherwise. *Lewis* v. *N. Y. &c. R. Co.*, 153 Massachusetts, 73; *S. P. Co.* v. *Leash*, 2 Tex. Civ. App. 68; *Brewer* v. *T. C. I. & R. Co.*, 97 Tennessee, 615; *Harris* v. *Bottum*, 81 Vermont, 346; *Hollis* v. *Widner*, 221 Pa. St. 72; *Halloran* v. *U. L. & T. Co.*, 133 Missouri, 420; Wigmore on Evidence, § 357.

There was no credible evidence sufficient to sustain a verdict that the plaintiff continued to use the cooker because of the promise of repair.

It was error for the trial court to refuse to charge that the burden was on the defendant to establish by a preponderance of evidence that he was incompetent to make a binding contract at the time the release was executed.

Weakness of understanding is not, of itself, any objection in law to the validity of a contract. If a man be legally *compos mentis*, he is the disposer of his own property. *Jones* v. *Jones*, 137 N. Y. 610, 613; *Taylor* v. *Butterick*, 165 Massachusetts, 547; *Wyatt* v. *Walker*, 44 Illinois, 485; *Artrip* v. *Ramake*, 96 Virginia, 277, and see a note collecting the cases upon this point, 36 L. R. A. 731.

The court erred in its instruction to the jury on the measure of damages and in refusing the defendant's requested instruction upon that subject.

Under the instruction as given the jury were permitted to give speculative damages for some assumed impaired earning capacity from the time of the injury down to the time of the trial.

The measure of damages for loss of earning capacity is the difference between what was earned before the injury and what he would be able to earn thereafter, *Braithwait* v. *Hall*, 168 Massachusetts, 38, and the injured party is

required to use all reasonable efforts to reduce the damages. 4 Suth. Dam., § 1255.

If the party has received compensation or wages between the time of the injury and the trial he can recover nothing for loss of such wages. *Drinkwater* v. *Dinsmore,* 80 N. Y. 390; *Montgomery* v. *Mallett,* 92 Alabama, 209.

In this case the plaintiff had been fully compensated for loss of wages or earnings and all other expenses incident to his injury, and he was only entitled to recover as past damages, compensation for pain and suffering. Wherever the plaintiff has been able to earn as much since as before the injury, the jury should not consider the item of impairment of earning capacity. 8 A. & E. Enc. 654; *Kane* v. *Rd. Co.,* 95 Georgia, 858; *M. C. R. Co.* v. *Mitten,* 13 Tex. Civ. App. 653; *Drinkwater* v. *Dinsmore, supra.*

The court erred in instructing the jury to consider future pain and anguish in assessing damages. *Shultz* v. *Griffith,* 103 Iowa, 150. See also *Illinois Iron Co.* v. *Helner,* 196 Illinois, 526; *Carter* v. *Nunda,* 66 N. Y. Supp. 1059; 6 Thomp. on Negligence, 2794.

*Mr. Neill B. Field* for defendant in error:

The special findings are harmonious with each other and with the general verdict.

The master is liable, during the running of his promise to repair a known defect, in all cases unless the servant, either by continuing the service an unreasonable length of time or by the use of the appliance when in an imminently dangerous condition has by his own conduct released the master. *Hough* v. *R. R. Co.,* 100 U. S. 213; *R. R. Co.* v. *Young,* 49 Fed. Rep. 723; *Gowen* v. *Harley,* 56 Fed. Rep. 973; *Detroit Crude Oil Co.* v. *Grable,* 94 Fed. Rep. 73; *Chicago &c. Co.* v. *Van Dan,* 36 N. E. Rep. 1024; *Breckenridge Co.* v. *Hicks,* 22 S. W. Rep. 554; *Lutz* v. *Ry. Co.,* 6 N. Mex. 496; *Kane* v. *Northern Central Ry.,* 128 U. S. 91,

94; 2 Bailey, Master and Servant, § 3073; *Choctaw &c. Ry. Co.* v. *McDade,* 191 U. S. 64; *Crookston Lbr. Co.* v. *Boutin,* 149 Fed. Rep. 680.

The trial court correctly charged the jury with reference to the burden of proof, but if the charge were silent as to this, such silence would be wholly immaterial.

In questions of practice based upon local statutes and procedure, this court habitually follows the local court. *Sweeney* v. *Lomme,* 22 Wall. 208; *Fox* v. *Haarstick,* 156 U. S. 674; *Armijo* v. *Armijo,* 181 U. S. 558; *Copper Queen Co.* v. *Bd. of Equalization,* 206 U. S. 474; *Lewis* v. *Harrara,* 208 U. S. 309; *English* v. *Arizona,* 214 U. S. 359; *Santa Fe County* v. *Coler,* 215 U. S. 296.

The charge upon the measure of damages is amply supported by authority. 4 Suth. Dam., 3d Ed., §§ 1241, 1242, 1246, 1251; *Chicago & N. W. Co.* v. *De Clow,* 124 Fed. Rep. 142; *Union Pac. Ry. Co.* v. *Jones,* 49 Fed. Rep. 346; *Swenson* v. *Bender,* 114 Fed. Rep. 1; *Kliegel* v. *Aitken,* 94 Wisconsin, 432; *Washington &c. Ry. Co.* v. *Harmon,* 147 U. S. 571; *Chicago &c. Ry. Co.* v. *Lindeman,* 143 Fed. Rep. 946.

The jury found specially every fact necessary to fix the liability of the plaintiff in error. *Emerson* v. *Metropolitan Life Co.,* 185 Massachusetts, 318; *Germaine* v. *Muskegon,* 105 Michigan, 213; *Tesch* v. *Milwaukee Co.,* 108 Wisconsin, 593.

Mr. Justice Holmes delivered the opinion of the court.

This is an action by a servant for personal injuries. The declaration alleged that it was the plaintiff's duty to cook brewer's mash in a cooker, that the cooker was so out of repair that the plaintiff was unwilling to use it, but that the defendant requested him to go on until it could be repaired and promised that it should be within a very

short time; that the plaintiff did go on, relying upon the promise, that the cooker gave way and the plaintiff was badly scalded. The defendant denied the allegations and pleaded plaintiff's contributory negligence and a release. In a replication the plaintiff denied his mental capacity at the time the release was made. There was a verdict for the plaintiff subject to special findings which by the law of New Mexico control, *Walker* v. *New Mexico & Southern Pacific R. R. Co.*, 165 U. S. 593, and the defendant alleged exceptions. These were overruled by the Supreme Court of the Territory and the judgment affirmed.

The first point argued is that the defendant was entitled to judgment on the special findings, because the fourth was that the cooker at the time was not in such a bad condition that a man of ordinary prudence would not have used the same. But the eleventh was that the defendant did not use ordinary care in furnishing the cooker and in having it repaired, and the sixth that the defendant promised the plaintiff that the cooker should be repaired as an inducement for him to continue using it. So it is evident that the fourth finding meant only that the plaintiff was not negligent in remaining at work. Whatever the difficulties may be with the theory of the exception, 1 Labatt, Master and Servant, ch. 22, § 423, it is the well settled law that for a certain time a master may remain liable for a failure to use reasonable care in furnishing a safe place in which to work, notwithstanding the servant's appreciation of the danger, if he induces the servant to keep on by a promise that the source of trouble shall be removed. *Hough* v. *Texas & Pacific R. R. Co.*, 100 U. S. 213.

Next it is argued that the judgment should be set aside because the court allowed somewhat leading questions to be asked to bring out the plaintiff's reliance upon the defendant's promise. If this matter is open it is enough to say that the plaintiff is a German and seemingly did not

understand the questions put to him very well, and that it would require a very much stronger case than this to induce an appellate court to revise the discretion of the trial court and grant a new trial upon such a ground. *Northern Pacific R. R. Co.* v. *Urlin,* 158 U. S. 271, 273. The next point, that there was no credible evidence to sustain the verdict, so far as it does not rest on the preceding one, was for the jury, not for this court.

Fourthly it is argued that the court erred in refusing to instruct the jury that the burden was on the plaintiff to prove his incompetence at the time of making the release. It seems from the record that an instruction to that effect was given but that it was omitted from the bill of exceptions. The Supreme Court of the Territory took notice of the fact, and we certainly should not go behind their decision upon a matter of local practice in order to reverse a judgment upon a technicality and an assumption contrary to the fact. *Santa Fe County* v. *Coler,* 215 U. S. 296.

Finally it is said that the instructions as to the measure of damages were wrong. The court instructed the jury that they might consider the plaintiff's loss of time with reference to his ability to earn money, the impairment of his capacity to earn money, whether temporary or permanent, disfigurement, and pain, past or reasonably certain to be suffered in the future—and that they should deduct from the amount, if any, the disbursements made under the release which the finding of the jury set aside. It is objected that a part of the disbursements were wages during the plaintiff's disability, but it did not matter whether they were or not if the transaction was rescinded. With regard to future pain &c. the judge did not go beyond the conservative rule laid down in such cases as *Chicago, M. & St. P. Ry. Co.* v. *Lindeman,* 143 Fed. Rep. 946, 950. The rest of the argument is a discussion of evidence with which we have nothing to do.

*Judgment affirmed.*