**UNITED STATES v. BROOKS**

(two cases).

Nos. 5758, 5759.

United States Court of Appeals
Fourth Circuit.

Argued July 7, 1949.

Decided August 4, 1949.

483

versed the judgments on the ground that the act was not thought to apply to claims of soldiers in the United States Army, 4 Cir., 169 F.2d 840; but the decision of reversal was in turn reversed by the Supreme Court. Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 921. That court has remanded the cases to us for "consideration of the problem of reducing damages pro tanto", should we decide "that such consideration is proper in view of the District Court judgment and the parties' allegations of error". We think such consideration is proper since the government relied in the lower court upon the payments made under servicemen's benefit laws as a defense to the actions which had been instituted and argued that matter upon the prior hearing. Although the argument there was that receipt of the payments constituted a complete bar to the action, we think that the question as to the effect to be given them was sufficiently raised to justify our giving consideration to the problem of reducing damages in the light of what was said in the opinion of the Supreme Court. See Hormel v. Helvering, 312 U.S. 552, 556-557, 61 S.Ct. 719, 85 L.Ed. 1037. We shall consider the cases separately.

### No. 5758, Welker B. Brooks.

In this case the trial judge awarded plaintiff $4,000 damages for personal injuries. It appears, however, that since April 1946 plaintiff has been receiving monthly disability payments from the government through the Veterans Administration on account of these injuries. In the beginning, the amount of the monthly payment was $27.60, but the statement was made at the bar of the court that it has since been reduced to $13.80. Another matter called to our attention is the fact that plaintiff received certain army pay after his injury. Another matter is that the government provided plaintiff with hospitalization and medical care, without cost to him; and, of course, nothing should be included in the award of damages on that account.

■ Under the law of North Carolina, which is applicable here, plaintiff's award of damages should have included indemnity for pecuniary loss and expenses,

Morton Hollander, Attorney, Department of Justice, Washington, D. C. (Newell A. Clapp, Acting Assistant Attorney General, Thomas A. Uzzell, Jr., U. S. Attorney, Asheville, N. C., Paul A. Sweeney and Massillon M. Heuser, Attorneys, Department of Justice, Washington, D. C., on brief), for appellant.

Whiteford S. Blakeney, Charlotte, N. C. (Guthrie, Pierce & Blakeney, Charlotte, N. C., on brief), for appellees.

Before PARKER, Chief Judge and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

■ These are appeals by the United States from judgments in favor of claimants under the Federal Tort Claims Act of August 2, 1946, 60 Stat. 842, 28 U.S.C.A. § 921 [now § 2671 et seq]. This court re-

loss or diminution of earnings during incapacity, impairment of future earning capacity and pain and suffering. Ledford v. Valley River Lumber Co., 183 N.C. 614, 112 S.E. 421; Helmstetler v. Duke Power Co., 224 N.C. 821, 32 S.E.2d 611, 613. As summarized in the case last cited, the elements of damage for personal injury are: "Indemnity for entailed nursing and care, medical expenses, loss of time, loss from inability to pursue avocation or to perform labor, and loss from diminished capacity to earn money. The measure of recovery is reasonable satisfaction for loss of both bodily and mental powers, and for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injury. In short, it is such as will make the plaintiff whole or compensate her fully for all injuries sustained by her, past, present and prospective."

It seems perfectly clear that in making the award of damages to plaintiff nothing should be included on account of hospital or medical expenses which the government has paid or on account of loss of earning power for the period for which he has drawn army pay. It seems equally clear that the award should be diminished by the amount which he has received or is to receive from the government by way of disability benefits. See Holland v. Southern Public Utilities Co., 208 N.C. 289, 292, 180 S.E. 592, 593; for to the extent that the government has compensated plaintiff by disability payments for the loss resulting from his injury he cannot be said to have suffered loss by reason thereof.[1] We recognize that prospective disability payments are uncertain in that the government may withdraw or decrease them at any time, but the uncertainty here is no greater than that involved in many other matters affecting damages in personal injury cases; and the trial court must deal with it as it deals with other uncertainties by using its best judgment after all the facts and circumstances of the case have been taken into consideration.

We cannot tell from the opinion and findings of the learned District Judge to what extent, in making the award of damages, he took account of the matters above mentioned; and we shall accordingly vacate the judgment and remand the case to the end that the facts may be more fully found and judgment entered thereon in accordance with the principles here laid down. The findings should be made and the judgment entered by the judge who originally heard the case, if possible, so as to avoid unnecessary delay and duplication of effort. Although he is not a regular judge of the District, his designation to sit therein is sufficient to authorize the making of additional findings and the signing and entry of judgment as herein directed. 28 U.S.C.A. § 296.

No. 5759, James M. Brooks, Adm'r of Arthur L. Brooks.

In the case instituted by James M. Brooks as Administrator of Arthur L. Brooks, the trial judge awarded a recovery of $25,000 under the North Carolina wrongful death statutes, General Statutes of North Carolina of 1943, sections 28-173 and 28-174, which provide for a recovery by the administrator of "a fair and just compensation for the pecuniary injury resulting from such death", the recovery not to be assets for the payments of debts but to go to those entitled as next of kin to the distribution of the estate of the deceased. The amount recoverable under the statute is the present pecuniary worth of the life of the deceased, to be ascertained by deducting the probable cost of his living and

---

[1] In tort actions by employees against their employers, it is well settled that wages and other payments made by the employer to the employee are properly deductible in mitigation of damages. See 25 C.J.S., Damages, § 98, p. 646; Southwestern Brewery & Ice Co. v. Schmidt, 226 U.S. 162, 33 S.Ct. 68, 57 L.Ed. 170; Bell-Knox Coal Co. v. Gregory, 152 Ky. 415, 153 S.W. 465; Michalsky v. Centennial Brewing Co., 48 Mont. 1, 134 P. 307. Pertinent, also, are holdings to the effect that payments made on account of damages by one tort feasor should be deducted from the damages allowed in a suit against another jointly liable for the same injury. Insuranshares Corp. of Delaware v. Northern Fiscal Corp., D. C., 42 F.Supp. 126; McWhirter v. Otis Elevator Co., D.C., 40 F.Supp. 11.

other expenses from the probable gross income to be derived from his own exertions based upon his life expectancy. Purnell v. Rockingham R., 190 N.C. 573, 130 S.E. 313; Carpenter v. Asheville Power & Light Co., 191 N.C. 130, 131 S.E. 400, 401. As said in the case last cited:

"Under the state law, the damages for the pecuniary worth of the deceased are to be ascertained by deducting the probable cost of his own living and usual or ordinary expenses from the probable gross income derived from his own exertions based upon his life expectancy (Purnell v. [Rockingham] Railroad Co., 190 N.C. 573, 130 S.E. 313), and, in ascertaining these damages, the jury is at liberty to take into consideration the age, health, and expectancy of life of the deceased, his earning capacity, his habits, his ability and skill, the business in which he was employed, and the means he had for making money; the end of it all being to enable the jury fairly to determine the net income which the deceased might reasonably have been expected to earn, had his death not ensued."

There is no reason to think that the trial judge did not correctly apply this rule in computing the damages in this case, except as to the matter of deductions hereafter mentioned, and no reason to send the case back to him, as suggested by the government. It should be noted, in this connection, that no contention was made either before the trial judge or on the appeal to us that the statute was not followed in the computation of damages. We come then to the question as to whether there should have been a deduction from the damages either on account of payments made by the government through the Veterans Administration under a $5,000 National Service Life Insurance policy carried by the deceased or on account of the allowance of six months wages amounting to $468, paid his mother under 10 U.S.C.A. § 903.

■ It seems perfectly clear that there should have been no deduction on account of the life insurance. This was insurance bought and paid for by deceased; and the government was no more entitled to deduct the amount which it paid as insurer from its liability for wrongful death than if the insurance had been paid by a private insurer. No one would contend that an insurance company liable for wrongful death could deduct from such liability the amount paid by it on a life insurance policy which it had issued on the life of the deceased; and the government, as to its liability for wrongful death, occupies no better position because it is also an insurer.

With respect to the $468 payment, however, a different situation exists. That amount was paid to the mother of deceased under 10 U.S.C.A. § 903, which provides for the payment "to the widow, and if there be no widow to the child or children, and if there be no widow or child to any other dependent relative of such officer or enlisted man previously designated by him, an amount equal to six months' pay at the rate received by such officer or enlisted man at the date of his death." The recovery by the administrator here was for the benefit of the father and mother of deceased. General Statutes of North Carolina of 1943, 28-149, subd. 5; Davis v. Seaboard Air Line R. Co., 136 N.C. 115, 120, 48 S.E. 591, 1 Ann.Cas. 214. Since loss of earnings resulting from death is to be included in the recovery for the benefit of the father and mother, and since the mother has already received from the government under 10 U.S.C.A. § 903 an amount equivalent to six months' earnings, we think that this amount should be deducted from the damages to be awarded. While the payment was made under the statute to the mother, and not to the father and mother jointly, we do not regard this circumstance as controlling; for, as a result of the death of the deceased, his next of kin have received this amount from the government, and it is but right that the amount recovered for them on account of his death should be credited therewith.[2] We think that this is the clear implication of what was said by the Supreme Court in this case

[2] In accounting to the father and mother, the administrator should, of course, charge the amount so received by the mother against her share of the recovery.

and that it accords with the decisions of the North Carolina Supreme Court in Holland v. Southern Public Utilities Co., supra, and Hester v. Horton Motor Lines, 219 N.C. 743, 14 S.E.2d 794. If the next of kin of deceased have received under the statute the sum of $468 on account of his death, the pecuniary damage which they have sustained is certainly less by $468 than it would otherwise have been. The fact that the recovery is by the administrator and not the next of kin is immaterial in view of the fact that the recovery is for their benefit.

It follows that there was error in the refusal of the trial judge to deduct the $468 from the amount allowed as damages on account of deceased's death; but it is not necessary that the case be sent back on that account. The error can and will be corrected here by deducting from the $25,000 allowed as damages for wrongful death the $468 paid under 10 U.S.C.A. § 903. There is no question as to the $425 property damage included in the judgment; and the judgment in favor of the administrator for the sum of $25,425 will be reduced to $24,957, and as so modified it will be affirmed.

No. 5758, Judgment vacated and case remanded with directions.

No. 5759, Modified and Affirmed.