**UNITED STATES of America, Plaintiff,**

v.

**Lizzie HUNTER, Defendant.**

No. 85–CV–638.

United States District Court,
N.D. New York.

Oct. 10, 1986.

Frederick J. Scullin, Jr., U.S. Atty., Albany, N.Y., for plaintiff; David R. Homer, Asst. U.S. Atty., of counsel.

Stephen R. Spring Law Offices, Albany, N.Y., for defendant; Debra J. Willsey, of counsel.

## MEMORANDUM—DECISION AND ORDER

CHOLAKIS, District Judge.

Lenson Thompson, a veteran of the United States military, was injured on December 16, 1980, when he fell on premises owned by the defendant. Thereafter, he received a series of medical treatments at the Veterans Administration Medical Center, Albany, New York, allegedly needed to treat his injuries.

From the records submitted, it appears that Thompson received the medical care, both as a hospital patient and as an out-patient, from January 15, 1981 through April 20, 1983. The United States commenced this action to recover the reasonable value of this care on May 18, 1985, pursuant to the Medical Care Recovery Act, 42 U.S.C. §§ 2651–2653 (1983) (the "Act"), which provides in part:

> In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) to a person who is injured ..., under circumstances creating a tort liability upon some third person ... to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished....

*Id.* § 2651(a).

By papers filed with this court, plaintiff moved to strike defendant's third, fourth and fifth affirmative defenses. During oral argument of this matter on August 15, 1986, the defendant conceded that these defenses should be stricken. Defendant, in turn, moved for summary judgment pursuant to Fed.R.Civ.P. 56(b) on the basis that plaintiff's action is barred by the applicable statute of limitations. Defendant relies on 28 U.S.C. § 2415(b) (Supp.1986) which reads, in pertinent part:

> Subject to the provisions of section 2416 of this title, ..., every action for money damages brought by the United States ... which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues [.]

Plaintiff concedes that the three year statute of limitations applies to this action, but the parties disagree as to when the statute began to run. Defendant alleges that it began with the date of Thompson's fall (December 16, 1980), while plaintiff alleges that it did not commence until the United States had knowledge that some third party may be liable for Thompson's injuries. Plaintiff maintains that it had no knowledge of defendant's involvement or possible liability until June 14, 1982.

This court cannot agree with either party. Initially, we must determine whether the United States is suing as Thompson's subrogee, or in its own capacity on an action independent from any right of action which Thompson might have to recover for his injuries. If plaintiff's claim is based upon its status as a subrogee, there is no question that the three year statute of limitations commenced as of the date of Thompson's fall; if suing in an independent capacity, the statute did not begin to run until this independent right of action first accrued.

■ The overwhelming weight of authority holds that the Act creates a separate and independent right of recovery in the United States. *United States v. Moore,* 469 F.2d 788, 790 (3rd Cir.1972); *United States v. Haynes,* 445 F.2d 907, 910 (5th Cir.1971); *United States v. York,* 398 F.2d 582, 584 (6th Cir.1968); *United States v. Housing Authority of the City of Bremerton,* 415 F.2d 239 (9th Cir.1969). Thus, the date of Thompson's fall is rejected as triggering the commencement of the statute of limitations period.

■ The first day plaintiff supplied medical care to Thompson was January 15, 1981. This is the earliest possible accrual date of plaintiff's right of action. Section

2415(b) of 28 U.S.C. states that a complaint must be filed within three years after plaintiff's right of action first accrues. Neither that section nor 42 U.S.C. § 2651 requires knowledge of defendant's possible liability before plaintiff's right of action accrues.

In this court's opinion, plaintiff had a claim against defendant from the day it first rendered medical care to Thompson (i.e. January 15, 1981). Although it might not have been aware that such a right existed, the predicates for its right of action were present, that is: (1) the United States was authorized or required by law to furnish medical care to Thompson; (2) it did furnish such medical care to Thompson; (3) the medical care was necessary because Thompson had been injured; and (4) Thompson's injuries resulted from circumstances creating a tort liability upon the defendant herein, Lizzie Hunter. See 42 U.S.C. § 2651(a). The Act clearly states that in any action thereunder, the United States can sue for "the reasonable value of the care and treatment *so furnished or to be furnished*". *Id.* (emphasis added). Plaintiff had three years from January 15, 1981 to commence a lawsuit for the care and treatment furnished to Thompson, and for any care and treatment which it might reasonably foresee would be furnished to Thompson, for injuries resulting from his fall. To hold otherwise would subject the defendant to continuous lawsuits.

This does not, however, end the court's inquiry. Section 2416(c) of 28 U.S.C. reads as follows:

> For the purpose of computing the limitation periods established in section 2415, there shall be excluded all periods during which—
>
> ....
>
> ... facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances [.]

■ This section effectively tolls the statute of limitations until such time as the United States official charged with the responsibility of enforcing § 2415 learns that Thompson was injured under circumstances creating a tort liability upon defendant, or reasonably could have learned of such circumstances.

Plaintiff, in rather conclusory terms, has alleged that the United States had no knowledge of Thompson's claim prior to June 14, 1982, the time at which plaintiff billed defendant's insurer for treatment provided to Thompson. If this is true, and if the United States, through its responsible official, could not reasonably have learned of the circumstances surrounding Thompson's injury prior to May 8, 1982 (three years prior to the commencement date of this action), this action has been timely commenced; otherwise it has not.

■ Plaintiff alleges, and Exhibit C in support of defendant's motion for summary judgment supports, that it first submitted bills to defendant's insurer on June 14, 1982. There is nothing in either party's papers to indicate any earlier knowledge by the plaintiff of defendant's obligation to pay such bills. Defendant maintains, without providing supporting evidence, that plaintiff had knowledge prior to June 14, 1982 of defendant's obligation for Thompson's medical care. On a motion for summary judgment, the burden is on the moving party to demonstrate the absence of any issue of material fact. *Celotex Corp. v. Catrett*, —— U.S. ——, ——, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Defendant has failed to meet this burden. The issue of plaintiff's earlier knowledge of defendant's potential liability remains one of material fact which must be further developed.

Defendant's motion for summary judgment is therefore denied.

It is so ordered.