**Rebel Ann MAYS and Everett F. Mays, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 85–2029.

United States Court of Appeals, Tenth Circuit.

Dec. 5, 1986.

Nancy E. Rice, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., with her on the brief), for defendant-appellant.

Alan E. Richman, of Breit, Best, Richman and Bosch, Denver, Colo. (Patricia A. Pritchard, of Breit, Best, Richman and Bosch, Denver, Colo., with him on the brief), for plaintiffs-appellees.

Before HOLLOWAY, Chief Judge, TACHA, Circuit Judge, and BROWN,* District Judge.

TACHA, Circuit Judge.

This case presents another opportunity to consider the application of the collateral source rule in Colorado. In *Berg v. United States*, 806 F.2d 978 (10th Cir.1986), a suit against the United States under the Federal Tort Claims Act (FTCA) decided this day, we held that Medicare hospital insurance benefits are a collateral source. In the present case we consider whether benefits received form the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS) are a collateral source to a FTCA award.

Rebel Ann Mays, the wife of a retired member of the United States Air Force, died from cancer in 1982. This suit was filed by the Mayses against the United States claiming that the Fitzsimmons Army Medical Center (hospital) failed to diagnose and treat her for cancer. The district court

---

* The Honorable Wesley E. Brown, United States District Judge for the District of Kansas, sitting by designation.

found that the hospital had acted negligently and awarded damages of $504,300.[1] The government does not challenge the finding of liability. The only question raised before this court is whether the $195,055 in CHAMPUS benefits received by Rebel Ann Mays should be deducted from the damages awarded to the Mays.

In *Berg*, we recognized that Colorado has adopted the collateral source rule. At 984. Colorado courts have interpreted the collateral source rule to provide that "compensation or indemnity received by an injured party from a collateral source, wholly independent of the wrongdoer and to which he has not contributed, will not diminish the damages otherwise recoverable from the wrongdoer." *Kistler v. Halsey*, 173 Colo. 540, 545, 481 P.2d 722, 724 (1971) *quoted in Berg*, at 984. A plaintiff in a FTCA suit can recover damages from the United States in addition to compensation from a collateral source. We held in *Berg* that government payments are collateral if the payments come from "a special fund that is separate and distinct from general government revenues" and to which the plaintiff has contributed. At 985. Our question in this case, therefore, is whether CHAMPUS benefits satisfy this test.[2]

The CHAMPUS program provides medical benefits to, *inter alia*, the dependents of certain retired members of the armed services. 10 U.S.C. § 1079. "The funds used by the CHAMPUS program are appropriated funds furnished by the Congress through the annual Appropriations Act for the Department of Defense and the Department of Health, Education, and Welfare [now the Department of Health and Human Services]." 32 C.F.R. § 199.7(e–1) (1985). All of the money for the CHAMPUS program comes from the general treasury of the United States; no money is paid directly into the fund by the recipients of CHAMPUS benefits. We cannot view these general appropriations to the CHAMPUS program as "a special fund that is separate and distinct from general government revenues." *Berg*, at 985.[3] CHAMPUS payments come exclusively from the general revenues of the United States. Therefore, such payments are not from a source collateral to the United States.

Everett Mays argues that his contribution to the CHAMPUS program consists of his twenty-one years of service in the Air Force. Rebel Ann Mays would not have been eligible for CHAMPUS benefits if her husband had not served at least twenty years in the armed services. 32 C.F.R. § 199.9(b) (1985); 10 U.S.C. § 1331(a)(2). This service, however, is not the type of contribution required by the collateral source rule. Rebel Ann Mays received CHAMPUS benefits because of her husband's *status*, not because of a monetary investment. A showing that one's status makes one eligible for government benefits is not a showing that one has "contributed to a special fund" from which benefits are now being received.

In *Steckler v. United States*, 549 F.2d 1372 (10th Cir.1977), we held that veterans disability benefits were not a collateral source in a FTCA suit. The military service that made the plaintiff eligible for

---

1. The decision of the district court is reported in *Mays v. United States*, 608 F.Supp. 1476 (D.Colo. 1985).

2. The two federal district courts that have considered whether CHAMPUS payments are a collateral source have reached different conclusions. *Compare Mooney v. United States*, 619 F.Supp. 1525, 1529–30 (D.N.H.1985) (CHAMPUS payments are a collateral source) *with Burke v. United States*, 605 F.Supp. 981, 992 (D.Md.1985) (CHAMPUS payments for past medical expenses are not a collateral source). We note only that the court in *Mooney* found the payments collat-

eral despite the court's belief that "it is unclear whether payments made by CHAMPUS are from a specially funded source." 619 F.Supp. at 1530.

3. The plaintiffs find it important that Congress allocates a specified amount of money to the CHAMPUS fund each year. The collateral source rule, however, is not one that "makes recovery depend on bookkeeping conventions." *Overton v. United States*, 619 F.2d 1299, 1308 (8th Cir.1980). Rather, the focus of the rule is on the source of the funds.

veterans disability benefits was not regarded as a "contribution" in *Steckler.* 549 F.2d at 1379; *see also, Feeley v. United States,* 337 F.2d 924, 933–34 (3d Cir.1964). Accordingly, we will not characterize the military service of Everett Mays as a contribution for the purposes of the collateral source rule here.

The plaintiffs also suggest that the CHAMPUS program provides fringe benefits in lieu of a higher salary for members of the armed services. The acceptance of a lower salary, it is argued, can be characterized as a contribution. This argument, however, is contrary to the result that we reached in *Steckler.* Even if the CHAMPUS benefits at issue in this case could be viewed as fringe benefits, the veterans disability benefits in *Steckler* could also be viewed as fringe benefits. Our conclusion that the benefits in *Steckler* did not constitute a contribution demands that we reach a similar result concerning the CHAMPUS benefits in this case.

The United States has already paid some compensation through the CHAMPUS program for the injuries suffered by Rebel Ann Mays. To award damages for a loss for which the United States has already compensated the plaintiffs would be to allow a double recovery. Therefore, we reverse the decision of the district court that the CHAMPUS benefits were received from a collateral source and we remand for a modification of the damage award consistent with this opinion.

REVERSED AND REMANDED.