**Katie H. McCOTTER, Plaintiff,**

v.

**SMITHFIELD PACKING CO.,
INC., Defendant.**

**Civ. A. No. 2:93cv953.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 1, 1994.

*Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir.1986).

Susan B. Potter, Joseph Anthony Gawrys, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for plaintiff Katie H. McCotter.

Carl Jay Khalil, Timothy Patrick Murphy, William W. Nexsen, Stackhouse, Rowe & Smith, Norfolk, VA, for defendant Smithfield Packing Co., Inc.

## OPINION AND ORDER

DOUMAR, District Judge.

Plaintiff McCotter, a former Department of Agriculture food inspector, brings this common law negligence action against defendant Smithfield Packing Co. for injuries plaintiff sustained while performing her duties at Smithfield's meat processing plant in, Virginia. The matter is now before the Court on the question of whether the claim for recovery of medical expenses paid by the United States Government can be brought by the plaintiff or alternatively, only by the Government. For the reasons outlined below, this Court finds that the claim for medical expenses belongs only to the United States.

### Factual and Procedural Background

On September 24, 1991, plaintiff traveled to Smithfield's meat packing plant to conduct an inspection of the plant as a United States Department of Agriculture food inspector. While McCotter was working on the "kill floor," the area where hogs are killed, bled, and inspected for disease, a hog carcass fell from an overhead moving rail conveyor used to transport the carcasses throughout the factory, and allegedly struck McCotter, causing injuries to her head, neck, back, arms, and shoulders.

Plaintiff filed her complaint in this action on September 16, 1993. Defendant answered with a motion to dismiss based on lack of subject matter jurisdiction on October 12, 1993, and filed an answer to the complaint on February 1, 1994. This Court denied defendant's motion to dismiss for lack of subject matter jurisdiction on April 19, 1994. After considerable discovery, the case was set for a jury trial on October 24, 1994.

However, on that date, this Court, after being informed that the United States was not in any way a party to this action and that there was no agreement with or authorization by the United States for the plaintiff to proceed in its behalf, raised the question of

whether plaintiff could present evidence of and recover the very substantial reasonable and necessary medical expenses, or whether that claim properly rested with the United States pursuant to 42 U.S.C. § 2651, the Federal Medical Care Recovery Act. The Court continued the trial until November 15, 1994, until that issue could be resolved. That issue is now ripe for consideration by the Court.

### Analysis

■ 42 U.S.C. § 2651(a) states in relevant part:

In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical or dental care and treatment ... to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person ... the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person ... has against such third person to the extent of the reasonable value of the care and treatment so furnished.

All parties agree that the United States was required by law to furnish medical treatment.[1]

■ The statute explains further that the United States may enforce this right in one of two ways: through intervention or joinder in the private action brought by the injured party; or, if such a private action is not brought within six months of the commencement of care furnished by the United States, through a direct action against the third party. 42 U.S.C. § 2651(b). The statute exempts only care provided by the Veteran's Administration, and no other federal agency, from its reach. 42 U.S.C. § 2651(c).

■ The primary purpose of the Federal Medical Care Recovery Act was to enable the government to recoup some of the costs of providing medical care to military personnel injured as a result of the conduct of third party tortfeasors. This was not the Act's only purpose, however. "In addition, the FMCRA was designed to prevent the unjust enrichment of victims, who were able to recover under the permissive decisions allowing recovery under the collateral source doctrine, and tortfeasors and their insurance companies, who benefited from windfall savings." *United States v. Trammel*, 899 F.2d 1483, 1486–87 (6th Cir.1990). Moreover, the statute itself does not limit its application to military personnel, but includes all who receive medical benefits from the federal government as a legal requirement. The only exception in the Act is for the Veterans Administration. The Act is meant to prohibit victims from taking a double recovery: once from the United States, which funds the victim's medical care, and once from the tortfeasor.

■ There is no question that the United States has a statutory right to recover the reasonable value of expenses it incurs for treating victims of negligence or other torts. There has been some question, however, as to the identity of the party that can bring the action on behalf of the United States.

Several state courts have held that the right to recover medical expenses paid by the government lies exclusively with the United States. For example, the New Hampshire Supreme Court noted that "the right of recovery for the medical services furnished ... without charge is a statutory right of the government. It is an independent right.... 42 U.S.C.A. § 2651 simply transfers the right of recovery against the tortfeasor from the plaintiff to the United States." *Lefebvre v. Government Employees Insurance Co.*, 110 N.H. 23, 259 A.2d 133, 135 (1969). *See also*

---

1. The Court is aware of the interaction between the Federal Medical Care Recovery Act and provisions of the Federal Worker's Compensation Act, 5 U.S.C. §§ 8131–32. Under § 8131, the United States has the right to require a beneficiary of compensation from a third party to assign the claim to the United States or prosecute an action in her own name. If the beneficiary claims compensation from a third party, the third party must recognize, at its peril, the lien for the costs of compensation. 5 U.S.C. § 8132.

These sections are not essential to the discussion of the issue before the Court.

*Avery v. Scott,* 216 So.2d 111, 114 (La.Ct. App. 2d Cir.1968), *cert. denied,* 253 La. 313, 217 So.2d 410 (1969) (holding that plaintiff cannot recover medical expenses paid by United States); *Smith v. Foucha,* 172 So.2d 318, 322 (La.Ct.App. 4th Cir.1965), *cert. denied,* 247 La. 678, 173 So.2d 542 (1965) (holding that the subrogee, United States, was only party that could collect medical expenses).

The right to recover medical damages is held exclusively by the United States. Nonetheless, the United States need not, in every instance, bring a claim separate from that of the injured party in order to collect the medical expenses for which it has paid. The question then becomes one of procedure: who is authorized to bring a claim on behalf of the United States?

In *Conley v. Maattala,* 303 F.Supp. 484 (D.N.H.1969), the United States District Court for the District of New Hampshire recognized this problem. That court saw three ways that the United States could recover its expenditures for medical care: (1) subrogation, that is, an action in the name of the victim; (2) joinder or intervention in its own name in an action by the victim; or (3) a private action brought directly by the United States against the tortfeasor. *Id.* at 485. The court held that if the United States authorized the plaintiff's attorney to assert the government's claim, on the understanding that any recovery for medical expenses would belong to the government, there was no need for the United States either to be a party to the pending action or to bring its own action. *Id.; see also Katz v. Greig,* 234 Pa.Super. 126, 339 A.2d 115, 132 (1975). Although the court recognized that only the United States could recover on the claim for medical expenses, plaintiff was nonetheless permitted to assert the claim, if authorized, on the government's behalf.

This Court believes that the approach taken in *Conley* is an eminently practical application of the law and adopts it. Under the Federal Medical Care Recovery Act, the claim for medical damages suffered as the result of a tortious act and provided by the United States belongs solely to the United States. The individual plaintiff has no claim whatsoever for these damages, and should not be permitted to put on evidence of these damages unless the United States will recover those monies. Insofar as medical expenses which the United States is required by law to furnish are concerned, there is no collateral source permitting plaintiffs to collect these expenses, as the sums belong to the United States. The plaintiff can, however, present the government's claim for medical damages in the plaintiff's case in chief if the United States has authorized such.

42 U.S.C. § 2651 is clear—the Federal Medical Care Recovery Act gives the United States an absolute, direct right of action to recover the reasonable value of medical expenses provided by law to anyone injured through the tortious conduct of a third party.[2] Accordingly, plaintiff McCotter cannot assert a right to recover the medical damages in this action. That must be done, if at all, by or through the United States. Should the United States authorize plaintiff's attorney to present its claim, however, plaintiff may offer evidence of her medical damages to the jury.

**IT IS SO ORDERED.**

---

**2.** There is an exception for medical services fur-nished by the Veterans Administration.