### Charlene T. KORNEGAY, Plaintiff,

### v.

### UNITED STATES of America, Defendant.

### Civil Action No. 2:94cv742.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 19, 1996.

Thomas B. Shuttleworth, Shuttleworth, Ruloff & Giordano, Lisa Palmer O'Donnell, Shuttleworth, Ruloff & Giordano, Virginia Beach, VA, Douglas Lee Hornsby, Shuttleworth, Ruloff, Giordano & Kahle, P.C., Newport News, VA, for plaintiff.

Anita Kay Henry, United States Attorney's Office, Norfolk, VA, for defendant.

### *OPINION*

DOUMAR, District Judge.

Plaintiff Charlene T. Kornegay brings this medical malpractice action alleging that the defendant United States of America and its agents acted negligently in diagnosing her vulvar cancer. The question presented is whether the plaintiff is entitled to recover any medical expenses already paid by the defendant through the Department of Defense program known as CHAMPUS. For the reasons that follow, the Court holds that she is not.

The full background to this case is set forth in a related opinion and order issued this day. In brief, the plaintiff is a dependent of a military retiree; she was harmed as the result of negligent medical care administered by personnel at the Portsmouth Naval Hospital. Because of said negligence, the plaintiff was required to undergo preoperative radiation treatment for her condition, which resulted in a longer period of recovery from surgery as well as complications from which she continues to suffer. The Court has accordingly awarded the plaintiff damages for her medical expenses and pain and suffering.

The sole question presented here is whether, in recovering the reasonable and necessary medical expenses she incurred as a result of the preoperative radiation treatment, the plaintiff may recover for any medical expenses already paid by the United States. In legal terms, is the payment by the United States from a "collateral source," thus allowing her a damage award for that amount— even though it has already been expended on behalf of the federal government through CHAMPUS? To answer this question requires examination of the "collateral source" rule.

▮ In actions against the United States under the Federal Tort Claims Act, as this case is, the district court must apply the "whole law of the state where the negligent act or omission occurred." *Richards v. United States,* 369 U.S. 1, 11, 82 S.Ct. 585, 591– 92, 7 L.Ed.2d 492 (1962). Virginia follows the collateral source rule, which bars a tortfeasor from offsetting his damages if the tort victim has received compensation or indemnity from a source "collateral" (or other than) to the tortfeasor. *Schickling v. Aspinall,* 235 Va. 472, 369 S.E.2d 172, 174 (1988). The Virginia Supreme Court recently explained the purpose of the rule:

> The collateral source rule is designed to strike a balance between two competing principles of tort law: (1) a plaintiff is entitled to compensation sufficient to make

him whole, but no more; and (2) a defendant is liable for all damages that proximately result from his wrong. A plaintiff who receives a double recovery for a single tort enjoys a windfall; a defendant who escapes, in whole or in part, liability for his wrong enjoys a windfall. Because the law must sanction one windfall and deny the other, it favors the victim of the wrong rather than the wrongdoer.

*Id.*

The rule is easy to apply when the tortfeasor and the person or entity providing the benefit are separate parties. It becomes more difficult, as in the case at bar, when the two parties are the same entity—here, the United States.

The plaintiff is a dependent of a military retiree. The Department of Defense provides medical care to military personnel, retirees, and their dependents through two means: care directly provided at government facilities or through reimbursement to private providers. The latter is covered under the Civilian Health and Medical Program of the Uniformed Services, or CHAMPUS. 10 U.S.C. §§ 1079, 1086. CHAMPUS paid a portion of the total bill for plaintiff's radiation treatment and hospital stay.

Is CHAMPUS a collateral source? In applying the collateral source rule in cases involving federal programs, federal courts have generally focused on this central question:[1] whether or not the plaintiffs had paid into the government program that awarded them the benefit. If so, the courts reasoned that such plaintiffs deserved the benefit of the bargain, and were not barred from recovering both from the tortfeasor and the government program. Conversely, if the individual had not paid money out of his own pocket for the benefit received, the government has been entitled to offset damages against the benefits provided. *See, e.g., Manko v. United States,* 830 F.2d 831, 836– 37 (8th Cir.1987) (collateral source rule applied because plaintiff had contributed to Social Security and Medicare programs). Simi-

---

**1.** Of course, in applying the collateral source rule, federal courts must look to the law of the state. Because, however, cases involving the federal government are almost always litigated in a federal forum, the state court cases provide little guidance to the situation here. *Feeley v. United States,* 337 F.2d 924, 933–34 (3rd Cir.1964).

larly, courts have characterized the rule by distinguishing between whether the funds came out of "general funds" in the Treasury (not a collateral source), or a "special" or "separately funded" program (a collateral source). *See, e.g., Mooney v. United States,* 619 F.Supp. 1525 (D.N.H.1985).

■ Against this background, this case is straightforward: CHAMPUS is not an insurance program to which military personnel contribute. It is funded from the U.S. Treasury by moneys appropriated by Congress in the annual Defense Appropriations Acts. *See* 32 C.F.R. § 199.1(d) & (e). Therefore, according to the general rule, the collateral source rule should not apply, and the plaintiff may not recover any amount already provided by the United States through CHAMPUS.

One court in this district, however, has held to the contrary. In *Murphy v. United States,* 836 F.Supp. 350 (E.D.Va.1993), Judge Morgan held that CHAMPUS should be regarded as a collateral source. The Court reasoned that because the payment of benefits under CHAMPUS is "akin to the payment from the insurer to its insured," and because the program constituted "consideration of value equal to a payroll deduction" plan, the plaintiff, an active-duty officer, should be not barred from recovering from both CHAMPUS and the tortfeasor—the United States. *Id.* at 353. The *Murphy* Court disagreed with an earlier holding of this Court. *Diaz v. United States,* 655 F.Supp. 411 (E.D.Va.1987) (Hoffman, J.) (discussed *infra*).

This Court believes *Diaz* was properly decided by Judge Walter E. Hoffman and will follow it, and specifically declines to follow *Murphy*. Although the Fourth Circuit has not squarely addressed the question of whether the collateral source rule should be applied to CHAMPUS benefits, it has discussed the principle in analogous cases. In *United States v. Brooks,* 176 F.2d 482 (4th Cir.1949), a case under the Federal Tort Claims Act (and based on North Carolina law), the Court offset disability payments made by the Veterans' Administration from tort damages incurred by United States. The Court stated that:

It seems perfectly clear that in making the award of damages to plaintiff nothing should be included on account of hospital or medical expenses which the government has paid or on account of loss of earning power for the period for which he has drawn Army pay. It seems equally clear that the award should be diminished by the amount which he has received or is to receive from the government by way of disability benefits ... for to the extent the government has compensated plaintiff by disability payments for the loss resulting from his injury he cannot be said to have suffered loss by reason thereof.

*Id.* at 484 (citation omitted).

In *United States v. Price,* 288 F.2d 448 (4th Cir.1961) (a case involving Virginia law), the Court noted, first, that the fact that the benefit came from the defendant tortfeasor "does not itself preclude the possibility that it is from a collateral source." *Id.* at 450. The Court ruled that benefits received under the Civil Service Retirement Act should not be setoff against tort damages because the plaintiff had contributed (indeed, was required to contribute by virtue of his federal service) to the retirement program.

Such [retirement] benefits are obviously not mere gratuities to injured persons paid on account of their injuries. Rather, the Government in its role of employer has ... set up a retirement plan under which both the employees and the employer contribute. These retirement payments are entirely separate from the Government's acknowledged statutory duty as tortfeasor to pay any injured person for particular injuries resulting from negligence imputed to it. *The two types of payments come from different sources, since tort payments are made from general revenues, while retirement benefits, on the other hand, are from the fund created in part by the employees themselves.*

*Id.* at 450–51 (emphasis added) (footnote omitted). Thus, the Fourth Circuit embraced the distinction discussed previously— *i.e.,* that when a tort claimant has paid for benefits, the fund is a collateral source, and when she has not paid for the benefit, the tortfeasor may setoff any benefits provided.

In *Diaz v. United States,* 655 F.Supp. 411, 418 (E.D.Va.1987) (Hoffman, J.), this Court, after a brief discussion, held that CHAMPUS benefits were not from a collateral source, and that the government was entitled to set-off such benefits against any tort damage. The Court relied on *Price, supra,* and *Mays v. United States,* 806 F.2d 976 (10th Cir. 1986), *cert. denied,* 482 U.S. 913, 107 S.Ct. 3184, 96 L.Ed.2d 673 (1987).

In *Mays,* the plaintiff was a retired officer whose wife died from cancer, and sued an army hospital for negligence. The plaintiff argued that his contribution to CHAMPUS consisted of his 21 years of service in the military. The Tenth Circuit stated that

> this service . . . is not the type of contribution required by the collateral source rule. [Plaintiff's wife] received CHAMPUS benefits because of her husband's *status,* not because of a monetary investment. A showing that one's status makes one eligible for government benefits is not a showing that one has "contributed to a special fund" from which benefits are now being received.

806 F.2d at 977 (emphasis in original).

With the exception of the *Murphy* court, *Mays* has been universally followed by courts confronted with the question of whether CHAMPUS is a collateral source. *Diaz, supra; Short v. United States,* 908 F.Supp. 227, 239 (D.Vt.1995); *MacDonald v. United States,* 900 F.Supp. 483, 486–87 (M.D.Ga. 1995); *Lozada v. United States,* 140 F.R.D. 404, 413 (D.Neb.1991); *Kennedy v. United States,* 750 F.Supp. 206, 213 (W.D.La.1990); *Burke v. United States,* 605 F.Supp. 981, 994 (D.Md.1985); *but see Mooney v. United States,* 619 F.Supp. 1525, 1530 (D.N.H.1985) (case prior to *Mays* holding that CHAMPUS payments should not be setoff).

Moreover, Congress has plainly indicated that the costs of medical services (whether provided directly by the government or through a scheme such as CHAMPUS) are an asset of the United States, and not the property or asset of the individual plaintiff—even if the plaintiff is suing a third-party tortfeasor. In such cases, the United States—and only the United States—has the right to recover those costs from the third party. *See* 42 U.S.C. § 2651 (Federal Medical Care Recovery Act); *McCotter v. Smithfield Packing Co.,* 868 F.Supp. 160 (E.D.Va. 1994) (construing statute). Although that statute is not applicable to the instant case, it buttresses the conclusion that Congress intends that when the government pays the bill, then only the government (and not the person suing in tort) may recover for it. *A fortiori* Congress did not intend to allow the individual more rights against the United States than such an individual would have against a third party.

Finally, this conclusion is in accord with Virginia law on the collateral source rule as explained in *Schickling, supra.* Plaintiff here is entitled to compensation to make her whole, and no more. Thus, she is entitled to medical expenses incurred which have not been covered by CHAMPUS. The defendant here is not "escaping liability" in any respect. *See Schickling,* 369 S.E.2d at 174. On the contrary: the defendant has paid, through CHAMPUS, for certain medical expenses, for which recovery herein is denied. It will pay for the remainder of her medical expenses pursuant to the judgment awarded in this case.

In sum, the weight of authority clearly demonstrates that plaintiff is not entitled to recover any medical expenses already paid by the government. To award her such expenses would require the government to pay for the same services twice and allow the plaintiff a double recovery. The Federal Tort Claims Act is designed to compensate those wronged by the U.S. government in tort actions; it is not a reward system designed to provide windfalls to tort claimants.