# CIRCUIT COURT OF THE CITY OF NORFOLK

James C. Young

v.

Luke Szabo

May 8, 1998

Case No. (Law) 96-2365

By Judge John C. Morrison, Jr.

This action is before the court on Defendant's motion to exclude any evidence of the Navy's claim for medical services rendered to the Plaintiff at the Portsmouth Naval Hospital. The estimated value of the treatment rendered is $12,097.80. Defendant maintains that the Government's claim to recover these medical expenses from him is barred by the statute of limitations and therefore, evidence of such expenses is inadmissible at trial. For the reasons stated below, the court denies the motion.

### Federal Medical Care Recovery Act

In 1962, Congress enacted the Federal Medical Care Recovery Act ("FMCRA"), 42 U.S.C. § 2651 *et seq.*, to enable the government to recoup some of the costs it expends in providing medical care to military personnel whose injuries are the result of the conduct of third party tortfeasors. *See United States v. Trammel*, 899 F.2d 1483, 1486 (6th Cir. 1990). Section 2651 of Title 42, United States Code, provides in pertinent part:

(a) *Conditions; exceptions; persons liable; amount of recovery; subrogation; assignment.* In any case in which the United States is

authorized or required by law to furnish hospital, medical, surgical or dental care and treatment ... to a person who is injured ... under circumstances creating a tort liability upon some third person ... to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured ... person ... has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished.

Under the FMCRA, the claim for recovery of medical expenses belongs exclusively to the United States. *See McCotter v. Smithfield Packing Co.*, 868 F. Supp. 160 (E.D. Va. 1994). The United States may assert its claim in one of three ways: (1) subrogation; (2) joinder or intervention in its own name in an action by the victim; or (3) a direct action against the third party tortfeasor. *See id.* at 163 (citing *Conley v. Maattala*, 303 F. Supp. 484, 485 (D. N.H. 1969)); *see also* 42 U.S.C. § 2651(b). This statutory right to recover the reasonable value of medical care, however, is subject to a three-year statute of limitations period. *See* 42 U.S.C. § 2415(b) ("every action for money damages brought by the United States ... which is founded upon tort shall be barred unless the complaint is filed within three years after the right of action first accrues").

Generally, a plaintiff can offer evidence of the reasonable value of services provided to him by a federal medical care provider because the federal government has a right of recovery from the tortfeasor that is subrogated to the plaintiff's claim against the tortfeasor. *See TransiLift Equipment, Ltd. v. Cunningham*, 234 Va. 84, 95 (1987) (citing 42 U.S.C. § 2651(a)). Virginia Code § 8.01-37.1 provides:

Whenever any person sustains personal injuries caused by the alleged negligence of another, and a claim against any person alleged to be liable is created in favor of the United States under federal law (42 U.S.C. § 2651 *et seq.*) for the reasonable value of medical, surgical or dental care and treatment provided, the injured party may, on behalf of the United States, claim the reasonable value of the medical services provided as an element of damages in a civil action against the person alleged to be liable. . . .

In other words, a plaintiff has no claim whatsoever for any medical damages suffered as the result of a tortious act and for which services were provided by the United States and therefore "should not be permitted to put on evidence of

these damages *unless the United States will recover those monies.*" *McCotter*, 868 F. Supp. at 163 (emphasis added).

In support of his motion, Defendant argues that "to this date the United States has not made a claim against this defendant and any such claim would now be barred by the applicable statute of limitations." This argument is flawed for several reasons. First, filing a claim *directly* against the Defendant is *not* the only manner in which the United States may assert its right to recover the reasonable value of medical care and treatment. According to Judge Doumar of the Eastern District of Virginia, the United States "need not, in every instance, bring a claim separate from that of the injured party in order to collect the medical expenses for which it has paid." *Id.* The government may also enforce its claim through (1) subrogation or (2) joinder or intervention in its own name in an action by the victim. *See id.* Second, the United States' statutory right to recover medical expenses under the FMCRA does not materialize until there exist "circumstances creating tort liability upon some third person." 42 U.S.C. § 2651(a). Thus, the government's right of recovery depends on this Plaintiff's right to recover damages in this court. *See, e.g., United States v. Trammel*, 899 F.2d 1483, 1488 (6th Cir. 1990) ("Congress has chosen to subrogate the government's claim only when liability for medical expenses flows from state tort liability"); *see also State Farm v. Kelly*, 238 Va. 192 (1989) (insurance company's liability to government could not arise prior to time plaintiff's right to recover was created when judgment entered against uninsured motorist). Finally, in Virginia, "[i]t shall *not* be required that the United States intervene in the action or be made a party in order to establish its claim." Va. Code § 8.01-37.1 (emphasis added). As long as the government authorizes the injured party to assert the claim of recovery within the applicable limitations period prescribed by the state for personal injury causes of action, the government preserves its right to recovery.

Plaintiff was first treated at the Portsmouth Naval Hospital on the date of the accident, February 21, 1990, and then again as an inpatient from April 25, 1990, through May 17, 1990. For limitations purposes, the date on which the United States first rendered medical care to Plaintiff was the accrual date of the government's cause of action against the Defendant to recover medical expenses. *See United States v. Hunter*, 645 F. Supp. 758 (N.D. N.Y. 1986). Therefore, the last day on which the United States could have asserted a *federal* cause of action *directly* against the Defendant was February 21, 1993, three years from the date of the accident. In this respect, the government's cause of action is time barred.

The government's interests, however, are still protected in the present case. Plaintiff timely filed its original suit against Defendant in August of 1991. By letter[1] dated February 18, 1992, the Department of the Navy authorized Plaintiff's counsel to assert the claim on the government's behalf. Plaintiff nonsuited and timely refiled the present action against Defendant on June 24, 1996. As it stands, the merits of Plaintiff's allegations have not been adjudicated under Virginia's substantive law. The court is without authority to dismiss the government's validly established claim for reasons attributed to the procedural posture of the present case. If Congress intended to subrogate the United States' claim only when "liability for medical expenses flows from state tort liability," it seems that as long as the state action is still alive, so is the government's claim.

### Collateral Source Rule

The collateral source rule bars a tortfeasor from offsetting his damages where the tort victim has received compensation or indemnity from a source other than the tortfeasor. *See Schickling v. Aspinall*, 235 Va. 472 (1988). The purpose of the rule is:

> to strike a balance between two competing principles of tort law: (1) a plaintiff is entitled to compensation sufficient to make him whole, but no more; and (2) a defendant is liable for all damages that proximately result from his wrong. A plaintiff who receives a double recovery for a single tort enjoys a windfall; a defendant who escapes, in whole or in part, liability for his wrong enjoys a windfall. Because the law must sanction one windfall and deny the other, it favors the victim of the wrong rather than the wrongdoer.

*Id.* at 474-75.

While Virginia clearly follows the collateral source rule, the rule has no application in the instant case. "Insofar as medical expenses which the United States is required by law to furnish are concerned, there is no collateral source permitting plaintiffs to collect these expenses, as the sums belong to the United States." *McCotter*, 868 F. Supp. at 163. Because the Plaintiff did not pay into any government program that awarded him the benefit of medical

---

[1] The letter states: "Thank you for agreeing to protect the interests of the U.S. Government in the above captioned matter. We are enclosing documents in support of our claim. Once the claim has been concluded, the check should be made payable to the Treasurer of the United States and mailed to this office."

care and treatment, he may not recover from both the Defendant *and* the government program which funded his medical treatment. *See Kornegay v. United States*, 929 F. Supp. 219 (E.D. Va. 1996).

Accordingly, the court allows Plaintiff to present the Navy's claim for medical services rendered to him at the Portsmouth Naval Hospital and denies Defendant's motion.